SMITH and Others *v.* ALEXANDER and Others

PRACTICE.—A question presented for the first time in the Supreme Court will not be considered.

SAME.—HIGHWAYS.—Where a petition for the location of a highway has been received and acted upon by the board of commissioners, without objection to the sufficiency of the notice, it is too late, after the case has been appealed, to object to the notice.

SAME.—If the public utility of a proposed highway is not put in issue by the remonstrance, but a claim for damages only is presented, the utility of the highway is admitted, and the reviewers have only to report upon the claim for damages.

SAME.—When a person, not a party to the original remonstrance, is permitted in the Circuit Court to become a party, he occupies the same relation to the proceedings as the original remonstrants.

APPEAL from the *Marion* Circuit Court.

ELLIOTT, C. J.— *William Alexander* and twenty-nine others, citizens and freeholders of *Marion* county, filed a petition before the board of commissioners of said county, for the location of a public highway. Proof of notice of the petition, by publication in a weekly newspaper published in the county, was made, and also that at least six of the petitioners were freeholders who resided in the immediate neighborhood of the road petitioned for. At the time the petition was filed, *John W. Hamilton* appeared as the attorney of *Henry Smith* and others, and filed written objections to the reception of the petition, on the grounds that a previous application had been made for the same proposed highway and defeated, and that the petition is not signed by any of the owners of the lands on the line of the proposed highway. The objections were overruled, and viewers were appointed, who reported in favor of the proposed highway, and that it would be of "general utility."

*Smith* and others, over whose lands the proposed highway, if located, would pass, then appeared and filed their written objections, or remonstrance, against the same, on account of the damages it would cause them, the amount

of which, to each, is stated. Reviewers were thereupon appointed, and a final report was made, finding the proposed highway to be of public utility, and assessing damages in favor of a part of the objectors, and finding that the others would not be injured by the location of the highway.

A final order was thereupon made, locating and establishing the highway, and ordering it to be opened thirty feet in width.

The remonstrants thereupon appealed to the Circuit Court.

*David G. Cole*, over whose lands the highway was proposed to be located, appeared in the Circuit Court, and, on his petition filed, claiming damages, was permitted to join in the remonstrance.

The case was then submitted to a jury, who found that the proposed highway was of public utility, and assessed damages in favor of a part of the claimants.

Motions for a new trial and in arrest of judgment were made and overruled, and a final judgment rendered locating the highway. The remonstrants appeal.

The first objection presented, upon which a reversal is claimed, is that the description of the highway and its location, both in the reports of the viewers and the final order of the court, is defective for want of sufficient certainty. The description as given in the petition is followed in all the subsequent proceedings, and is as follows, viz: "Beginning at the line dividing sections eight and nine, in township fifteen north, of range four east, at a point where the *Indianapolis & Bean Creek Gravel Road* crosses said line, thence running north on said line," &c., "until said proposed highway will intersect the *Indianapolis & Pendleton Gravel Road;* varying, however, from said line at the crossing of the *Central Railway* track, far enough to the east to avoid the culvert under said railway track, and to place said highway upon good ground for a road. Said road will be about three miles in length."

The statute requires the viewers, in their report, to give

a full description of the location by routes and bounds, and by its course and distance. This road being located on a section line, already definitely ascertained and marked, no further marking was necessary, even to a strict compliance with the statute, except, perhaps, at the point where it varies from that line far enough to avoid the culvert under the *Central Railway* track. The course and distance are stated.

We think it but reasonable to infer that the viewers marked the location, at the point of deviation from the section line, though their report is silent upon that subject. At any rate, we do not think the location is void for uncertainty. But this question is not properly before us, as it is raised for the first time in the appellants' brief. It is not assigned as a cause for a new trial, nor in arrest of judgment, nor is it assigned as error.

The only remaining objection is that the Circuit Court erred in refusing to dismiss the proceedings, on the motion of *Cole*, for the want of sufficient notice of the filing of the original petition before the board of commissioners. We do not decide that the notice was insufficient, nor discuss the question at all, for the reason that the objection, if otherwise valid, was not made at the proper time.

The record shows that at the time the petition was presented, *Smith*, and others of the appellants, appeared and objected to the proceedings on other grounds, but made no objection to the sufficiency of the notice; and when the first viewers reported in favor of the highway, all the remonstrants, except *Cole*, appeared and filed their claims for damages. They did not object to the sufficiency of the notice, nor that the proposed highway was not of public utility; they simply claimed damages because of its location on their lands. We deem it proper here to say that, under the statute, it is clear that the reviewers had nothing to do with the question of the public utility of the highway; that fact was, in effect,

admitted by the remonstrants failing to deny it, and claiming damages.

The only question, therefore, submitted to the reviewers, was the amount of damages, if any, the remonstrants would sustain by reason of the location of the road through their lands. This, in effect, was the issue, and was the only question to be tried, on appeal, in the Circuit Court. The remonstrants might also have put in issue the public utility of the highway, but they did not, and it was therefore admitted. *Cole* was not a party to the remonstrance when it was filed, but was permitted to become a party to it in the Circuit Court, and to file his claim for damages, which he did. He then occupied the same relation to the proceedings that the other claimants of damages did, and could not then object to the notice. See *Daggy et al.* v. *Coats et al.*, 19 Ind. 259.

The judgment below is affirmed, with costs.

*D. McDonald, A. G. Porter* and *W. P. Fishback,* for appellants.

*H. C. Newcomb, J. Tarkington* and *R. B. Duncan,* for appellees.