## Cummins *v.* Shields and Others.

HIGHWAY.—*Proceeding to Lay Out.—Damages.*—A proceeding to lay out and establish a highway is not rendered erroneous by the fact that the damages, or

Cummins *v*. Shields and Others.

a part thereof, assessed to a remonstrator, and ordered to be paid to him out of the county treasury, have been shown, during the progress of the proceeding, to have been paid into the treasury for the use of said remonstrator by a petitioner for such highway.

SAME.—*Statute Construed.*—It seems that the provision of the statute (1 G. & H. 363, sec. 16), that the viewers, in laying out or changing a highway, shall not run "through any person's inclosure of one year's standing, without the owner's consent, unless, upon examination, a good way cannot otherwise be had," is properly construed by adding thereto the words, *without departing essentially from the route petitioned for.*

SAME.—*Remonstrance.*—*Waiver.*—In a proceeding to lay out and establish a highway, a person filed with the board of county commissioners two remonstrances, the first relying upon the ground that the proposed highway was not of public utility; the second, upon the ground that it ran through his inclosed land, damaging him to the extent of a certain sum specified, and asking the appointment of reviewers to assess his damages; and no additional defense was set up during the progress of the proceeding.

*Held,* that these remonstrances raised no objection to the proposed highway on the ground that it would run through the remonstrator's inclosure of one year's standing, without his consent, and that a good way could otherwise be had; but, on the contrary, he thereby impliedly waived such objection.

APPEAL from the Jackson Circuit Court.

WORDEN, J.—This was a petition by Shields and others to the board of commissioners of Jackson county, for the laying out and establishing of a new highway described in the petition. Viewers were duly appointed by the board, who reported favorably; whereupon the appellant filed with the board two separate remonstrances, first, upon the ground that the proposed highway was not of public utility; and second, upon the ground that it would run through his improved and inclosed land, damaging him to the extent of three thousand dollars, and asking that reviewers be appointed to assess his damages. He did not, in his remonstrance or otherwise, so far as the record informs us, claim that the proposed highway run through his inclosure of one year's standing, without his consent, and that a good way could otherwise be had, and therefore that it ought not to be laid through his land at all, but impliedly waived any objection of that sort, by failing to set it up, and by asking that his damages be assessed for thus laying the highway through his land. Upon the filing of

these remonstrances, the board appointed reviewers, to review the proposed highway and report upon its utility, and to assess the damages of Cummins, if any, by reason of laying it out.

The reviewers reported that the highway was of public utility, and that it ran through the appellant's inclosure of one year's standing without his consent, but that upon a full and careful examination, a good way could not otherwise be had; and they assessed his damages at six hundred and fifty dollars. The board of commissioners thereupon ordered the highway to be laid out and established, the costs and damages to be paid out of the county treasury, it appearing that the damages had been paid into the county treasury for the use of the appellant.

From this order the appellant took his appeal to the circuit court, where the cause was tried by a jury.

The court submitted to the jury the following questions for their determination, viz.: "first, will the proposed highway be of public utility? second, if of public utility, will it be of any damage to the appellant, John J. Cummins? and if so, how much? third, will the proposed highway pass through the inclosure of said appellant, John J. Cummins, of one year's standing, without his consent? and if so, can a good road be otherwise had without departing essentially from the route petitioned for?" The appellant objected to that part of the last question which has reference to a departure from the route petitioned for. Overruled, and exception.

The jury returned the following answers: "first, we, the jury, agree that the said road will be of public utility; second, we, the jury, agree that the damage to said Cummins' farm is six hundred dollars; third, we, the jury, agree that the proposed highway will pass through the inclosure of the said John J. Cummins, of one year's standing, without his consent, and that a good road cannot be otherwise had without essentially departing from the route petitioned for."

These answers were all duly signed by the foreman. Cummins moved for a new trial, but his motion was overruled, and he excepted.

It was therefore adjudged by the court that the damages thus assessed and the costs be paid out of the county treasury, and that when paid, the road be established, recorded, and opened.

It appeared during the progress of the cause that one of the petitioners for the road paid into the county treasury a portion of the damages assessed in favor of the appellant, and objection is made to the proceedings on this account. We see nothing legally or morally wrong in a party desiring the establishment of a highway taking upon himself a part or all of the burthen of the damages assessed, by paying it into the treasury for the use of the party entitled to it; nor can we suppose such payment would have any influence with the court in determining whether the road was of sufficient importance to the public to order the costs and damages to be paid out of the county treasury.

It is argued quite earnestly and lengthily that the evidence did not sustain the finding of the court. We cannot, upon the well settled practice, disturb the finding in this case.

We come to the remaining and only important questions in the case, viz.: Did the court err in holding the law to be that a highway may be laid through an inclosure of a year's standing without the owner's consent, if a good way cannot otherwise be had, *without departing essentially from the route petitioned for?* and if so, was the error injurious to the appellant?

The statute provides that the viewers, in laying out or changing a highway, shall not run "through any person's inclosure of one year's standing, without the owner's consent, unless, upon examination, a good way cannot otherwise be had." 1 G. & H. 363, sec. 16. We are inclined to the opinion that the construction put upon the law by the court was correct, and that the words added by the court to the phraseology of the statute are only an expression of what the law implies. But we need not pass decisively upon this point, for the reason that if the court erred in this respect, it was an error that did the appellant no harm.

As the case stood before the court, there was no question involved, or in issue, as to the right of the petitioners to have the highway laid through an inclosure of a year's standing.

We have seen that in the papers filed before the commissioners there was no question of this sort made. On the contrary, it was waived by irresistible implication; for, instead of objecting to the road being laid through his land on account of running through his inclosure of a year's standing, he asks for damages on account of the road thus passing through his land, and that viewers be appointed to assess them. We do not mean to be understood as saying that he might not, in addition to his objection to the road as not being of public utility, and to his claim for damages, have also objected to the laying out of the road at all as petitioned for, on the ground that it would run through his protected inclosure, and that a good way could otherwise be had, but he did not do so. When he appeared before the commissioners and made his two points, the inutility of the road and his claim for damages, he waived all others, and the only questions the reviewers had legitimately to pass upon were the public utility of the road and the damages of the appellant, and all else in their report was unnecessary. There is no reason why, in the court of the county commissioners, a party shall be held to have the benefit of a defense that he does not make, any more than in any other court. When the case went to the circuit court, no additional papers were filed or defense set up, and the only questions in issue in that court were as to the public utility of the proposed road and the damages claimed. The petitioners would have been entitled to have the road laid out, although the third question put to the jury had not been put or answered.

The judgment below is affirmed, with costs.*

*W. K. Marshall, D. H. Long,* and *J. W. Gordon,* for appellant.

*J. B. Brown, J. E. McDonald, J. M. Butler,* and *E. M. McDonald,* for appellees.

---

* A petition for a rehearing was overruled, BUSKIRK, J., dissenting.