## Sowle *v.* Cosner et al.

HIGHWAY.—*Petition.*—*Insufficiency of.*— *Waiver.*—Where a party remonstrat-
ing against the granting of a petition for the location of a highway files
his remonstrance at the time of the filing of such petition, without ob-
jecting to the sufficiency of the latter, he thereby waives such objection.

SAME.—*Agreement of Record.*—*Practice.*—On appeal of such proceeding to
the circuit court, an agreement by the parties thereto, entered of record,
that, with certain specified exceptions, "all matters are regular," is a
waiver of all irregularities prior to such entry, except those specified.

SAME.— *Practice.*— *Appeal.*—*Defective Transcript.*—*Amendment.*— *How Pro-
cured.*—To procure an order by the court, directing the county auditor
to correct the transcript on such appeal, the party applying therefor
must show, by his affidavit, wherein the transcript is defective.

PRACTICE.—*Instruction to Jury.*—*New Trial.*—*Assignment of Error.*—*Supreme
Court.*—An erroneous instruction of the court to the jury is ground for a
new trial, but can not be assigned as an independent error, on appeal
to the Supreme Court.

From the Steuben Circuit Court.

*D. E. Palmer,* for appellant.

HOWK, J.—The appellees presented a petition to the
board of commissioners of Steuben county, at its Septem-
ber term, 1874, praying for the location and opening of a
certain highway. And, at the same term of said board,
the appellant filed his remonstrance against the location
and opening of said highway. On the filing of said peti-
tion, the board appointed viewers, to view and mark out
the proposed highway, who reported to said board, at its
December term, 1874, that they had viewed and marked
out the proposed highway, and that it was of public
utility. And, at the same term of the board, reviewers
were appointed, on the appellant's remonstrance, filed at
the preceding term; and at the March term, 1875, of said
board, the reviewers reported in favor of the utility of
the proposed highway, and assessing the appellant's dam-
ages, by reason of the opening of said highway, in the
sum of fifteen dollars. Thereupon the board ordered
that said highway be established and opened, whenever

the petitioners therefor should pay said damages into the county treasury. From this order of the county board, the appellant appealed to the court below; in which court the appellant moved to dismiss the petition and proceedings, which motion was overruled, and to this decision the appellant excepted. The cause was tried by a jury, in the court below, and a verdict was returned, assessing the appellant's damages at the sum of fifteen dollars. On written causes filed, the appellant moved the court below for a new trial, which motion was overruled, and appellant excepted. And judgment was rendered by the court below, in favor of the appellant and against the appellees, for the recovery of the damages assessed by the jury, and the costs of suit; from which judgment the appellant now prosecutes this appeal in this court.

Appellant has assigned, in this court, the following alleged errors of the court below:

1st. In overruling appellant's motion to dismiss the cause or proceeding for irregularity and insufficiency;

2d. In overruling appellant's motion for an order, requiring the auditor of Steuben county to certify to the court below a full and proper transcript of the proceedings in this case before the board of commissioners of said county;

3d. In giving a certain instruction to the jury; and,

4th. In overruling appellant's motion for a new trial.

These alleged errors we will consider in the same order in which they are assigned.

1st. Before this cause was tried, in the court below, we find this agreement in the record: "The parties being in court, it was agreed, except insufficiency of petition and motion for new transcript, that all matters are regular." We find many irregularities in the proceedings before the county board, subsequent to the filing of the petition, but all of these, we understand, are expressly waived by the agreement above recited. If there was any insufficiency in the petition, of which the appellant

might have complained, in our opinion, he should have made such complaint at the time he filed his remonstrance. Having filed his remonstrance at the same time the petition was filed, and having failed then to object to the sufficiency of the petition, his subsequent objections on that ground came too late, the right to make them having been waived. *Fisher* v. *Hobbs*, 42 Ind. 276.

2d. If the transcript of the proceedings in this case, had before the board of commissioners of Steuben county, was imperfect in any particular, and the appellant desired a full and complete transcript, he should have filed his affidavit, showing wherein the transcript filed was defective, and moved the court below, on such affidavit, for an order requiring the county auditor to certify to the court a full and complete transcript. Then, if the court below had overruled his motion, and he had made his affidavit and motion a part of the record by a proper bill of exceptions, the alleged error, if any such existed, would have appeared in the record. Appellant's motion for an order on the county auditor failed to point out to the court below, in any manner, wherein the transcript filed was defective, or what, if any thing, had been omitted therefrom. We can not tell from the record whether or not the court below erred, and therefore we presume that the court did not err, in overruling the appellant's motion for an order on the county auditor.

3d. The third alleged error was a proper cause for a a new trial. If the court below gave an erroneous instruction to the jury trying the cause, that was error of law, occurring at the trial, and, if excepted to at the time, it was a good cause for a new trial, and should have been so assigned in appellant's motion for such new trial, addressed to the court below. The giving of this alleged erroneous instruction to the jury was not assigned by appellant as a cause for a new trial, in his motion therefor; and, not having been so assigned, in the court below, its assignment as error, in this court, presents no question

for our consideration. This is the well-settled rule of this court, and needs no citation of authorities to support it.

4th. The overruling of appellant's motion for a new trial presents but the single question of the weight of evidence. The appellant's testimony was, that the opening of the highway would damage him about one hundred dollars; while the evidence of the appellees, twenty-four in number, was, that the appellant would sustain no damages, by the opening of the proposed highway. The jury trying the cause assessed the appellant's damages at fifteen dollars. Under the evidence, it would seem that the appellant had but little cause to complain of the assessment of his damages. We can not disturb the verdict.

The judgment of the court below is affirmed, at the costs of the appellant.