## SPARLING, SUPERVISOR, *v*. DWENGER.

HIGHWAY.—*Location of.*—*Power of County Commissioners.*—*Statute Construed.*—Under the act of June 17th, 1852, 1 R. S. 1876, p. 528, and acts amendatory thereof, authorizing the "opening," etc., of "highways," the board of commissioners is not, by any provision thereof, precluded from opening a highway within the limits of an incorporated town.

SAME.—*Towns.*—*Power of Board of Trustees.*—By the act of April 27th, 1869, 1 R. S. 1876, p. 890, authorizing incorporated towns to lay out streets, etc., the boards of trustees of such towns are clothed with exclusive power, in laying out, surveying and opening new streets, alleys and highways, within the corporate limits.

SAME.—*Laying out Highway Within Limits of Town.*—The board of commissioners of a county have no power whatever to open a highway within the limits of an incorporated town of such county, without the consent, express or implied, of the board of trustees thereof.

SAME.—An order of a board of commissioners locating a highway is not rendered void by reason of the fact that one of the termini and a part of the highway are within the limits of an incorporated town, if the petition and proceedings therein are in strict accordance with law.

SAME.—*Party.*—*Injunction.*—*Supervisor.*—One not a citizen or tax-payer of such town can not enjoin a supervisor from opening a highway so established.

SAME.—*Remedy.*—*Remonstrance.*—*Assessment of Damages.*—One aggrieved by the location of a proposed highway, and claiming damages, has his remedy by remonstrance, as provided by law.

From the Jasper Circuit Court.

*S. P. Thompson* and *D. J. Thompson*, for appellant.

*R. S. Dwiggins* and *Z. Dwiggins*, for appellee.

HOWK, J.—In this action, the appellee was plaintiff, and the appellant was defendant, in the court below.

In his complaint, the appellee alleged, in substance, that he was the owner and in possession of an entire section of land, particularly described, all in road district No. 11, in Marion township, Jasper county, Indiana; that, on the 7th day of December, 1874, William C. Pierce and others presented to the board of commissioners of said county a petition, asking for the location of a public highway ou the following line, to wit: Commencing at a point in the range line dividing ranges 6 and 7 west,

where the half-section line, running east and west through the centre of section 12, in township 28 north, of range 7 west, crosses said range line, and running thence north, on said range line, to the township line between townships 28 and 29 north, and from thence north, in the same direction as said range line, 52 chains, and from thence north, bearing west, in a direct line, to the south-east corner of the west half of the south-west quarter of section 30, in township 29 north, of range 6 west, and from thence north one-half mile to the north-east corner of said west half of said quarter section; that viewers were appointed by said board of commissioners to view said proposed highway, and afterward, on the 24th day of February, 1875, made a report to said board, of their view of said highway, recommending that the same be established; that said board of commissioners, at its regular March term, 1875, made an order for the establishment of said highway, and directing the county auditor to notify the trustee of said Marion township, and the trustees of the town of Rensselaer, to open and keep the same in repair; that said highway, when opened, will pass through appellee's said real estate; that the north half of his said section is enclosed, and has been so for a long time; that the same was used and cultivated as a farm, and the opening of said highway through his said farm would cause him to build more than one mile of additional fence, at a cost of not less than three hundred dollars, and would greatly damage said farm, to wit, in the sum of six hundred dollars; that all that part of said proposed highway in section 30, being one-half mile of the north end thereof, was inside of the corporate limits of the town of Rensselaer; that the appellee was informed by his counsel, and verily believed, that the board of commissioners of said county had not the legal right to locate a public highway inside of the corporate limits of an incorporated town; that said town of Rensselaer was then, and had been for more than five years last

passed, an incorporated town; that the appellee was informed by his attorneys, and verily believed, that said board of commissioners had no legal right or authority to entertain said petition of said William C. Pierce and others, nor to appoint viewers to view said proposed highway; that said viewers had no legal authority to view said proposed highway and make report thereon to said board, and that said board had no legal authority to make an order for the location of said highway; that all of said proceedings were illegal and void, for the reason that part of said highway proposed to be located, to wit, one-half mile in length of the north end thereof, was within the corporate limits of said town of Rensselaer; that no order or proceedings had ever been made or had by the trustees of said town of Rensselaer, for the location or establishment of that part of said proposed highway lying within the corporate limits of said town; that there was no street nor highway leading from the point where said pretended highway strikes the limits of said town of Rensselaer, into said town, or into any other highway; that the appellant, Abraham L. Sparling, was supervisor of said road district No. 11, in said township, county and State; that, as such supervisor, and acting under the orders of the trustee of said township, the appellant was threatening to enter upon the appellee's said land, with a large force of men, for the avowed purpose of removing the appellee's fences and opening said pretended highway over and across appellee's said land; that the appellant, acting under the orders of the township trustee, unless restrained, will, as such supervisor, warn out the men liable to work on the public highways in said road district, and with said men will enter upon appellee's said land, and remove his fences and open said highway through and across his said land and farm; that the appellant was insolvent, and nothing whatever could be collected from him by execution; that, the appellant being supervisor and acting under the orders of the

township trustee, his acts would be regarded by the public generally as being done by authority of law; that said pretended highway having been ordered to be opened by the county board, if the appellant, acting as supervisor and apparently with authority, should throw down the appellee's fences, and thereby open said pretended highway, so that the travelling public could pass through on the same over the appellee's lands, (as the appellant certainly would do, unless restrained,) the same having thus been opened to the public apparently by authority of law, the travelling public would continue to travel along said pretended highway over said land and through said farm of the appellee, in spite of the appellee's efforts to prevent it; whereby he would be compelled to resort to a multiplicity of lawsuits to collect damages for trespass, and to protect himself in his legal and equitable rights; that, should said pretended highway be opened by appellant, the efforts of the travelling public to travel the same would so expose the appellee's crops, which he expected to raise on said farm, as to materially interfere with his raising a crop the then coming season; that the damages that would result to appellee from the threatened acts of the appellant would be irreparable; that, should the appellee wait until the appellant had committed the threatened acts, and then bring suit for damages and recover a money judgment against the appellant, he could not collect it, owing to appellant's insolvency; that unless the opening of said pretended highway was enjoined, he would be continually annoyed by persons attempting to pass through his said farm in attempting to travel the same; and that, if he had any possible remedy by a suit at law, such remedy was not plain, adequate and efficient to the ends of justice. Wherefore appellee prayed for a temporary restraining order, and that, on final hearing, the appellant and his successors in office might be forever enjoined from opening said highway through appellee's said farm, and for other proper relief.

To this complaint, the appellant demurred, upon the ground that it did not state facts sufficient to entitle the appellee to the relief prayed for, which demurrer was overruled, and to this decision the appellant excepted.

The appellant then answered the complaint, and said, in substance, that a regularly established county road passed through appellee's land, as stated in said complaint, and that the appellant, as supervisor of the road district wherein said land was situate, in pursuance of the order of the trustee of Marion township, in which said highway was situated, was, at the commencement of this action, about to open said highway, to the width of sixty feet, across the appellee's land, as directed by the order of the board of commissioners of said county, establishing said road; that so much of said highway as was located one-half on either side of the line between the west and east halves of the south-west quarter of said section 30 was located within the territory attached to the corporate limits of the town of Rensselaer, as averred in said complaint; that said highway was established regularly, by proper and legal proceedings had before the board of commissioners of said county; that in the petition, the order to viewers, the report of the viewers, and the order establishing said highway, it was described in parcels, substantially, as follows: 1. Commencing at a point in the range line between ranges 6 and 7, where the half-section line, running through the centre of section 12, township 28, range 7, and section 7, township 28, range 6, crosses said range line, thence north on said range line, with a width of 60 feet, one-half on each side thereof, 1½ miles to the township line dividing townships 28 and 29 north; 2. From said point in said township line north, with same width and equi-located on either side of said line, in a direct line, 52 chains to a stake, with witness trees; 3. From thence north, bearing west, in a direct line, to the south-east corner of the west half of the south-west quarter of section 30, in township 29 north, of range

6 west, of same uniform width, and located one-half the width on each side of said line; and, 4. From thence north, on the line dividing the west half from the east half of the said south-west quarter of said section 30, one-half mile, to the termination thereof, of same width and equi-located on each side thereof; that the appellee's land was affected by the opening of the said second and third divisions of said highway, which were wholly without the corporate limits of any incorporated town, and that no part of said highway so established was within any incorporated town, except the fourth division thereof as above set forth; that no part of the said south-west quarter of said section 30, next contiguous to said fourth division of said highway, has ever been platted, nor had any streets or alleys been laid out or dedicated therein, which could be in any way injured by opening said highway; that the appellee owned no interest in any land within the corporate limits of said town of Rensselaer that had been, would or could be affected by the location and opening of said highway, on the line proposed; that said highway was established at the March term, 1875, of said board of commissioners, and notice thereof was duly given to the board of trustees of said town of Rensselaer, as well as to the trustee of Marion township; and that the board of trustees of said town, by an order at their regular session, January 3d, 1876, accepted and adopted said half mile of said highway, which formed a part of a direct public highway from said town of Rensselaer to the town of Remington, as a highway in said town, and the marshal was ordered to open the same to the width of 60 feet, and keep the same in repair as a public highway within the limits of said town of Rensselaer; and the appellant expressly denied every allegation in appellee's complaint material to the issues, except as to the establishment and location of said highway, which he had already answered; that said highway passed over the appellee's land a distance of one mile; that it inter-

fered with no permanent improvements whatever, and, if established, opened and worked, would cause no injury, except the necessary trouble of fencing, and would greatly benefit the appellee's lands.

To this answer the appellee demurred for the want of sufficient facts therein to constitute a defence to his action, which demurrer was sustained, and to this decision the appellant excepted; and, refusing to answer further, judgment was rendered against him, in appellee's favor, by the court below, for a perpetual injunction, as prayed for in the complaint.

In this court, the appellant has assigned, as errors, the following decisions of the court below :

1.    In overruling his demurrer to appellee's complaint; and,

2.    In sustaining appellee's demurrer to appellant's answer.

We have given a full statement of the pleadings in this case, because of the novelty of the questions thereby presented for our consideration.    The first question thus presented relates to the sufficiency of the facts stated in appellee's complaint to constitute a cause of action, or to entitle him to the relief prayed for therein.    This relief was, that the appellant and his successors in the office of supervisor of the proper road district, on the final hearing of this cause, might be perpetually enjoined, by the judgment of the court below, from opening a certain highway, particularly described in said complaint, through the appellee's farm.    It will be seen, from an examination of the complaint, that it was founded upon the assumption that the order of the board of commissioners of Jasper county, locating and establishing the highway in question, was wholly unauthorized by law, and was, therefore, absolutely null and void.    The jurisdiction of the board of commissioners over all persons interested in said highway was not called in question by any of the averments of the complaint; nor was it claimed, that the or-

der of the board establishing the highway was void by reason of any defect in the petition therefor, or on account of any irregularity in any of the proceedings of the board thereon.

It was alleged, however, in appellee's complaint, that one of the termini of said highway, as the same was described in the petition therefor and in the order of the board establishing the same, was within the corporate limits of the incorporated town of Rensselaer, in said county. Upon this ground, and this ground only, the appellee claimed that the entire highway in question, throughout its entire length, and as well without as within the corporate limits of said town of Rensselaer, and the order of the board establishing such highway, were wholly unauthorized by law and were therefore, void and of no effect. Highways in this State are located and established under and in accordance with the provisions of an act entitled "An act to provide for the opening, vacating and change of highways," approved June 17th, 1852, and the acts since passed amendatory thereof. 1 R. S. 1876, p. 528. By section 15 of the above entitled act, as amended by an act approved March 9th, 1867, it is provided, that, in the location of such a highway as the one described in appellee's complaint, the freeholders of the county who may petition the board of commissioners therefor shall set forth in such petition "the beginning, course and termination of the highway proposed to be located." 1 R. S. 1876, p. 531.

It will be seen, from an examination of the highway act, that the board of commissioners of the proper county is not, by any provision of that act, precluded or debarred from locating and establishing a highway, upon the proper petition therefor, within the corporate limits of any incorporated town. So far as the provisions of the highway act are concerned, the jurisdiction of the board of commissioners of the proper county over the location and establishment of highways within the limits of such

county is absolute and unlimited. Such jurisdiction is not, by the terms of said act, excluded from, or by reason of, the corporate boundaries of any incorporated town within the county limits.

It is averred in appellee's complaint, however, as we have seen, that one of the termini, and indeed one-half mile in length off of the north end, of the highway described in said complaint, were within the corporate limits of the town of Rensselaer, and that the said town "was then, and had been for more than five years last passed, an incorporated town." The complaint does not inform us as to the law under which said town was incorporated; but we assume, as the contrary does not appear, that the town of Rensselaer was incorporated under the general law of this State providing for the incorporation of towns, etc., approved June 11th, 1852. 1 R. S. 1876, p. 874; *The Town of Brazil* v. *Kress*, 55 Ind. 14. In the ninth clause of section 22 of this general law for the incorporation of towns, it is provided, that the board of trustees of such a town shall have power "To lay out, open, grade and otherwise improve the streets, alleys, sewers, sidewalks and crossings, and keep them in repair, and to vacate the same." 1 R. S. 1876, p. 879.

In the 1st section of "An act to enable incorporated towns to lay out, open, grade, and improve streets and alleys," etc., approved April 27th, 1869, it is provided, "That the board of trustees of incorporated towns of this State shall have exclusive power over the streets, alleys, highways and bridges, within the *corporate* limits of such town, and may * * * lay out, survey and open new streets and alleys," etc. 1 R. S. 1876, p. 890.

It seems very clear to us, that, in the enactment of this latter act, it was the intent and purpose of the law-making power of this State to clothe the board of trustees of an incorporated town with an exclusive power in laying out, surveying and opening new streets, alleys and highways in such town, as well as over such streets, alleys and

highways as had been already laid out and opened therein. Such an exclusive power in the board of trustees is utterly inconsistent with, and precludes the idea of, any power whatever in the board of commissioners of the county to lay out and open a highway within the limits of such incorporated town, against the will or without the consent, express or implied, of the board of trustees of such town. But, as we have seen, the board of commissioners of the county, as a court, is clothed by law with original jurisdiction in the opening, vacating and change of highways, without reservation or exception, within the county limits. It seems to us, therefore, that the order and judgment of the board of commissioners of the county establishing a public highway, where the petition and proceedings thereon are in strict accordance with law, can not be regarded as a nullity, for the sole reason that one of the termini and a part of the highway are within the corporate limits of an incorporated town.

It does not appear, from the averments of the complaint, that the board of trustees of the town of Rensselaer, or any of the inhabitants or tax-payers of said town, made any objection whatever to the order and judgment of the board of commissioners establishing said highway. The appellee does not claim to be either a citizen or tax-payer of said town of Rensselaer; and, therefore, he is not in any wise injured by the supposed unlawful invasion by the board of commissioners of the exclusive power of the board of trustees of said town. Besides, in so far as the town of Rensselaer was concerned, the order of the board of commissioners establishing said highway merely directed the county auditor to notify the trustees of said town to open and keep said highway in repair. The board of trustees was left free to determine of choice, and not from compulsion, whether or not said highway should be opened, within the limits of said town.

If the appellee felt aggrieved by the location of said highway through his land, he should, before the final action of the board of commissioners, under the provisions of section 19 of the highway act, have "set forth such grievances by way of remonstrance," and have thus obtained an assessment of the damages which he would sustain from the opening of said highway through his lands, as provided in section 20 of said act. 1 R. S. 1876, p. 532. And if, afterward, he was aggrieved by the final decision of the board of commissioners, he should have appealed therefrom, under the provisions of section 26 of said highway act, to the circuit court of the county; and, on such appeal, he could have obtained a decision of all the questions, whether of law or fact, involved in the original cause or proceeding. 1 R. S. 1876, p. 533. It seems to us, indeed, that the law afforded him, in the original suit or proceeding, a full, complete and adequate remedy for all the grievances of which he complains in this action.

We may assume, for the contrary does not appear in his complaint, that the appellee was a party to the petition for the establishment of said highway; that he was duly notified of the pendency of said petition before the board of commissioners of said county, in the mode prescribed by law, and that he stood by and suffered the proceedings and judgment, of which he now complains, to be had and rendered on said petition, without objection, remonstrance or appeal.

In our opinion, the order of the board of commissioners establishing said highway is valid, binding and conclusive, in so far as the appellee and his real estate are concerned; and, therefore, we hold that the court below erred in overruling the appellant's demurrer to the appellee's complaint.

Having reached this conclusion in regard to the complaint, it is unnecessary for us to consider, at any length, the sufficiency of the appellant's answer. It affirms the truth of several matters which we have assumed to be

true, because the contrary thereof was not alleged in appellee's complaint. The same reasons which induce us to decide that the demurrer to the complaint should have been sustained inevitably lead us to the conclusion, that the appellant's answer was a complete bar to the appellee's cause of action, if he had any, and that the demurrer to said answer ought to have been overruled.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the appellant's demurrer to the appellee's complaint, and for further proceedings.

Petition for a rehearing overruled.