Green *v.* Elliott *et al.*

———◆———

No. 9496.

## GREEN *v.* ELLIOTT ET AL.

VERDICT.— *Venire de Novo.—Practice.*—A *venire de novo* is awarded when the verdict is uncertain or ambiguous, or does not fully find upon the issues, or fails to assess damages.

HIGHWAY.—*Location.—Appeal.—Statute Construed.—Cases Criticised.*—An appeal to the circuit court from an order of a board of commissioners establishing a highway presents in the latter court for decision only such questions and issues as have been made before the board or by proper amendment on appeal. Section 5777, R. S. 1881, can not be applied, in its literal construction, to such an appeal. *Scraper* v. *Pipes,* 59 Ind. 158, and *Bowers* v. *Snyder,* 66 Ind. 340, criticised.

SAME.—*Public Utility.*—Whether a proposed highway will be of public utility depends not upon an absolute necessity for it, but whether the public convenience requires it.

SAME.—*Dedication.—Evidence of Public Acceptance.*—A highway may become public by dedication by the owner of the land, and an acceptance thereof by the public; and public use of it, without any public work having been done upon it, may evince such acceptance.

From the Fayette Circuit Court.

*H. C. Fox, T. M. Little* and *J. I. Little,* for appellant.

*C. Roehl, B. F. Claypool* and *J. H. Claypool,* for appellees.

BICKNELL, C. C.—Petitions were filed before the county board for the opening of two highways. On the presentation of the petitions the appellant appeared and moved to dismiss them for insufficiency in the description of the route, as to its beginning, course, termination and length. These motions were overruled. Viewers were appointed in each case, who reported in each case that the highway was of public utility, and would run through the appellant's enclosure of more than one year's standing, and that a good way could not otherwise be had, and that they had laid out and marked the roads thirty feet wide, fifteen feet on each side of the lines described in the petitions. The appellant filed a remonstrance in each case, alleging that the road would not be of public utility, but making no question as to enclosures. The board then appointed reviewers in each case, who, in each case, reported that the road would not be of public utility. After the return of these reports the appellant filed in each case a petition asking for damages. The board in each case refused to open the highway and refused to appoint viewers to assess damages. This was a final judgment. The only remedy of a party aggrieved thereby was by appeal. *Doctor* v. *Hartman,* 74 Ind. 221.

The appellee, who was one of the petitioners in each case, appealed in each case to the circuit court.

On the docket of the circuit court the causes were numbered 2273 and 2274, and it was agreed that they should be tried together by a jury, with separate verdicts. The jury found a verdict for the appellee in each case, with $40 damages for the appellant in No. 2273, and $430 damages for the appellant in No. 2274. With their verdict they returned interrogatories and answers as follows:

"1. Will the location of a public highway upon the route designated as No. 2 be of public utility? Ans. Yes." (This referred to the highway in No. 2274.)

"2. Will the location of a public highway upon the route designated as No. 3 be of public utility? Ans. Yes." (This referred to the highway in No. 2273.)

"3. Did Green open the way designated as No. 6 intending to dedicate it to the public? Ans. Yes.

"4. Did the public accept such dedication? Ans. No."

The appellant moved for a *venire de novo,* and assigned ten reasons therefor. This motion was overruled. The appellant then moved for a new trial. This motion was overruled. Judgments were rendered in accordance with the verdicts, and directing that the causes be remitted to the county board "to carry out the judgments of the court and the findings of the jury." This was a proper form of judgment on such findings. *Board, etc.,* v. *Small,* 61 Ind. 318. The appeal was then taken to this court. The errors assigned are:

1. Overruling the motions for a *venire de novo.*

2. Overruling the motions for a new trial.

3. Rendering judgments on the verdicts over the appellant's objection.

Of the ten reasons for a *venire,* the first is, that the verdict does not purport to contain all the material facts given in evidence on the trial. The seventh is, that the jury did not lay out and mark the said highways, or either of them, on the best ground not running through any person's enclosure of more than one year's standing. The eighth is, that the jury did not find whether or not the said highways, or either of them, would run on the line dividing the lands of two individuals, and if so, that each should give half of the road. The ninth is, that the jury did not find whether or not a certain highway designated as No. 6 had been dedicated to public use or not. The tenth is, that the jury did not, in its verdict, give a full description of the location of said highways, or either of them, by metes and bounds or courses and distances.

None of the foregoing reasons are sufficient for a *venire de novo.* A *venire de novo* is granted when the verdict, whether general or special, is imperfect by reason of some uncertainty

or ambiguity, or by finding less than the whole matter put in issue, or by not assessing damages.   2 Tidd Pr. 922 ; Gould Pl. 526 ; *Bosseker* v. *Cramer*, 18 Ind. 44.  None of these matters are presented by said first, seventh, eighth, ninth and tenth reasons. The second, third, fourth, fifth and sixth reasons alleged for the *venire de novo* all have reference exclusively to the question of enclosures, which the appellant claims was put in issue in these proceedings.   He says in his brief: " The court will observe that the question whether the proposed highways would run through enclosures of more than a year's standing is variously stated in the motion; but, theoretically, all amounting substantially as stated in the fifth reason."

Under this presentation, the fifth reason only is to be considered.   It is as follows :

" The jury did not find that the said proposed highways, or either of them, did or did not run through the enclosures of any person of more than a year's standing at the time the petitions were filed ; and, also, that the owners of said enclosures had consented thereto ; or, if they did not consent, that a good way could not otherwise be had."

If the question of enclosures was not " put in issue," the verdict was not defective ; a verdict ought not to find more than the issues.

The question is, what is " put in issue " on an appeal to the circuit court in a proceeding to open a highway ?  The issues may be different in different cases ; in some, important matters may have been expressly admitted ; in others, important matters may have been waived ; in others, nothing may have been either admitted or waived.   The highway act grants an appeal to anybody aggrieved by the decision of the county board, but provides no mode of trial ; 1 R. S. 1876, p. 533, section 26 ; and the courts have held that a highway appeal is governed by section 36 of the commissioners' act, 1 R. S. 1876, p. 357, and must " be heard, tried and determined as an original cause."   It would seem that this means the appeal must be tried as an original cause, and the appeal is taken from

the decision of the court below upon the matters put in issue and tried there; but the appellant claims the meaning to be, that in the circuit court the proceedings and proof of the petitioner must be the same as before the county board. This proposition can not be maintained. Many things are required before the county board which can not be done in the circuit court; viewers and reviewers can not be appointed in the circuit court; nor can the jury be sent out to " locate the road and mark it on the best ground."

In such a case, if section 36 of the commissioners' act, *supra,* is applicable to highway appeals, it should receive a reasonable construction. The object of such an appeal is to give the party a trial in the appellate court of all the controverted facts.

Facts expressly admitted, or matters, the objections to which have been waived, or have not been controverted in the lower court, ought not, upon general principles, to be investigated again in a proceeding where a literal construction of section 36, *supra,* is impossible, and where the court is compelled to determine, and has determined, that only a part of the proceedings below can be repeated in the appellate court.

The proceedings begin *ex parte,* but persons interested may come in and object. They may object to the sufficiency of the petition, to the sufficiency of the notice, to the competency of the viewers. 1 R. S. 1876, p. 535, sec. 46. They may object to the proceedings of the viewers for non-conformity with the statute; they may raise the question as to inclosures, or whether the road is properly laid out and marked, and they may question the public utility of the road, and may claim damages; and it has been held that the questions of public utility and damages may be united in the same remonstrance, and that when these questions are made by separate remonstrances, it is immaterial which was filed first. *Butterworth* v. *Bartlett,* 50 Ind. 537; *Bowers* v. *Snyder,* 66 Ind. 340; *Peed* v. *Brenneman,* 72 Ind. 288; *Sparling* v. *Dwenger,* 60 Ind. 72; *Schmied* v. *Keeney,* 72 Ind. 309.

There are no adversary proceedings and no issues, until

somebody has appeared and made them.   When an issue is made it is determined by the county board by its own mode of proceeding ; as to matters not objected to there is no issue.   On an appeal to the circuit court, it would seem that there should be a trial there as an original cause of the issues tried below, and not of matters admitted or waived, or about which no question was made and no adversary proceedings were had below.

These conclusions upon general principles and upon analogy are sustained by the decided cases.   In *Milhollin* v. *Thomas,* 7 Ind. 165, it was held that after an appearance and remonstrance before the county board, on the ground of public inutility only, the party could not object in the circuit court on appeal for want of jurisdiction.

In *Kemp* v. *Smith,* 7 Ind. 471, where, as in the present case, there was a remonstrance for inutility, and also a claim for damages, this court, recognizing the rule that the appeal must be tried as an original cause, nevertheless said :   " It does not seem to have been the intention of the Legislature that the same proceedings should be gone through with on the trial of an appeal, as are required before the board of commissioners. Manifestly some of them are not to be repeated, such as the original petition, notice, the first view, etc.   The object of the appeal is, we think, to give the parties the benefit of a trial of questions of fact, in a court where a jury can be called, where the rules of law can be applied, and the points in controversy judicially determined ; such as, whether the road is of public utility, or whether an objector has sustained damages, and how much, if any."   The court, in this case, set aside an appointment of viewers which had been made by the circuit court.

In *Daggy* v. *Coats,* 19 Ind. 259, this court, speaking of an appeal where there had been no objection below, said :   " We take it, that no new ground in favor of, or against, the proposed highway, can, as matter of right, be there filed."   And, speaking of an appeal after an objection for non-utility, or a claim for damages, as in the present case, the court said :   " In such

a case the notices would be admitted or waived, and proof of them would not have to be made" in the appellate court.

In *Sidener* v. *Essex*, 22 Ind. 201, the objection before the county board was, as in the present case, for inutility, with a claim for damages; an offer was made in the circuit court on appeal, to prove that the original petition was not signed by twelve freeholders. This court said: "As we have seen, the only questions presented by the remonstrance, and submitted to the jury, related to the utility of the road and the question of damages. It follows the proposed evidence was not pertinent to the issues, and therefore inadmissible."

In *Smith* v. *Alexander*, 24 Ind. 454, the claim before the county board was for damages only. In the circuit court on appeal an objection was made to the notice. This court said: "They did not object" before the county board "to the sufficiency of the notice; * they simply claimed damages. * * The only question * was the amount of damages, if any. * * This, in effect, was the issue, and was the only question to be tried, on appeal, in the circuit court. The remonstrants might also have put in issue the public utility of the highway, but they did not."

In *Wilson* v. *Whitsel*, 24 Ind. 306, there was a remonstrance for inutility. In the circuit court on appeal there was a motion, founded on affidavit, to strike out the petition because it was not properly signed. This court held that, as no such objection was made below, it came too late in the circuit court. One of the errors assigned was that the verdict of the jury was not upon the issue. As to this the court said: "The only issue in the cause was made by the remonstrance, denying that the proposed change was of public utility. That was the issue properly submitted to, and passed upon by, the jury."

In *Crossley* v. *O'Brien*, 24 Ind. 325, it was held that an objection that the names of the persons, through whose lands the highway would pass, were not sufficiently stated in the petition, is waived if not made before the appointment of viewers, and that the course required by the statute, where

enclosures interfere, is a thing not necessary to give jurisdiction, but is a mere proceeding in the matter after jurisdiction is obtained.

In *Little* v. *Thompson*, 24 Ind. 146, there was a remonstrance for inutility and a claim for damages, as in the present case. This court held that the facts necessary to give jurisdiction to the county board in a highway case are: 1st. That the requisite notice of the petition has been given. 2d. That the petition is signed by twelve freeholders of the county. 3d. That six of the petitioners were of the immediate neighborhood of the road. And that the time for objecting to these jurisdictional facts is the time when the petition is presented, and that if not then made, the finding and judgment of the board upon such facts is conclusive, and that the questions of public utility and damage formed the issues in the case, and that no question as to the jurisdiction could afterwards be raised in the circuit court.

In *Wright* v. *Wells*, 29 Ind. 354, where there was a remonstrance for inutility and a claim for damages, it was held that proof of publication of the notice of the petition is a jurisdictional fact to be determined by the county board before the appointment of viewers, and that after the board has taken jurisdiction by appointment of viewers, objection to such proof can not be made either before the board or in the circuit court on appeal. The court said that sections 19 and 23 of the highway act "are the only provisions of the act authorizing an adversary appearance," and they authorize it for the purpose only of objecting for inutility or claiming damages. "These," says the court, "seem to be the only questions, outside of the sufficiency of the petition to give the board jurisdiction, which can be presented by such parties," that is, by parties who make an adversary appearance under sections 19 and 23.

In *Cummins* v. *Shields*, 34 Ind. 154, there was a remonstrance for inutility, and another remonstrance which claimed damages and alleged that the road would run through the remonstrants' enclosures. This court, by WOR-

DEN, J., said that the appellant " did not, in his remonstrance or otherwise, * claim that the proposed highway run through his enclosure of one year's standing, without his consent, and that a good way could otherwise be had, and therefore that it ought not to be laid through his land at all, but impliedly waived any objection of that sort, by failing to set it up, and by asking that his damages be assessed for thus laying the highway through his land." There was no question involved or in issue as to the right of the petitioners to have the highway laid through an enclosure of a year's standing, and the court said : " We have seen that in the papers filed before the commissioners there was no question of this sort made. On the contrary, it was waived by irresistible implication ; for, instead of objecting to the road being laid through his land on account of running through his enclosure of a year's standing, he asks for damages " and viewers. " When he appeared before the commissioners and made his two points, the inutility of the road and his claim for damages, he waived all others. * * There is no reason why, in the court of the county commissioners, a party shall be held to have the benefit of a defence that he does not make, any more than in any other court." In the circuit court the only questions in issue were as to the utility of the proposed road and the damages claimed.

In *Fisher* v. *Hobbs*, 42 Ind. 276, the remonstrance alleged that the road would pass through and across the remonstrant's land, and claimed $1,000 damages. This was the same as the second remonstrance in the case at bar, which alleges that the road will pass over remonstrant's land, to his damage, etc., but says not a word about the road passing through his enclosure of more than a year's standing without his consent, or that a good way can otherwise be had.

In the circuit court there was a motion for a new trial because the court had excluded evidence offered by the appellant as to public utility, and because the court had charged the jury that they had nothing to do with the question of public utility. This court held that the motion for a new trial was properly

overruled, and said : " The appellant appeared in the commissioners' court and made no objection to the sufficiency of the petition, the giving of notice, or as to the utility of the proposed highway, but filed his claim for damages. By so doing, he waived all questions of irregularity in the proceedings and as to the utility of the road."

In *Sowle* v. *Cosner*, 56 Ind. 276, this court said : " Having filed his remonstrance at the same time the petition was filed, and having failed then to object to the sufficiency of the petition, his " (appellant) " subsequent objections on that ground came too late, the right to make them having been waived." In *Turley* v. *Oldham*, 68 Ind. 114, this court said : " The record shows that the appellant moved the county board to dismiss this case, ' owing to an insufficiency in the number of names of freeholders on the original petition.' * This may well be regarded, we think, as at least an implied waiver of all other objections, if any existed, to the sufficiency of the petition."

Where, however, the petition is so insufficient as to form no basis for the action of the county board, such a defect can not be waived ; an objection thereto would be fatal at any stage. *Hays* v. *Campbell*, 17 Ind. 430. It would be good in arrest of judgment in the circuit court. *Hughes* v. *Sellers*, 34 Ind. 337 ; *Shute* v. *Decker*, 51 Ind. 241 ; *Doctor* v. *Hartman*, 74 Ind. 221.

In *Schmied* v. *Keeney*, 72 Ind. 309, this court said : " It is a well established rule of practice, that, upon an appeal from an order of a board of commissioners establishing or changing a highway, the cause must be tried *de novo ;* that is to say, that all questions in issue before the commissioners must be again tried in the circuit court. * * * Where a remonstrance is filed by the owner of lands along the line, either against the public utility of the proposed highway, or on account of the damages he will sustain," etc., " such remonstrance constitutes an answer to the petition, and tenders an issue which must be examined by the commissioners, and must be tried on an appeal to the circuit court. Where such land-owner remonstrates against the public utility of the road, and also on ac-

count of the damages, two issues are presented which must be tried in the circuit court on an appeal from proceedings to establish the highway."

Here is an unbroken line of decisions from 1856 to 1879, all conceding that a highway cause, on appeal, must be tried as an original cause, but all holding that, except as to certain defects in the petition, objections not made before the county board are waived, and that the issues to be tried as an original cause, on appeal in the circuit court, are the issues made and tried before the county board, except so far as such issues are subject to proper amendments under the general rules of law. *Hedrick* v. *Hedrick*, 55 Ind. 78.

These cases furnish an intelligible and reasonable rule, by which nobody can be misled. They give a reasonable construction to sec. 36 of the commissioners' act, as applied to highway appeals, a literal construction being confessedly impossible. The appellant, however, claims that they are all overruled by certain recent decisions, which we will now examine.

The first of these is *Hays* v. *Parrish*, 52 Ind. 132; but this merely declares, "it may be observed that it is not the practice, on appeal to the circuit court in such cases, to appoint viewers, but to try the cause *de novo*," citing *Kemp* v. *Smith, supra, Daggy* v. *Coats, supra,* and *Sidener* v. *Essex, supra.* This case was decided in 1875, and is exactly in accordance with *McPherson* v. *Leathers*, 29 Ind. 65, decided in 1867, and both of them, instead of overruling, cite and reaffirm the leading cases hereinbefore referred to.

The next case is *Scraper* v. *Pipes*, 59 Ind. 158, decided in 1877. Here, after viewers had been appointed, the appellants appeared and moved before the county board to dismiss the proceedings. This motion was overruled, but the board set aside the viewers' report and appointed other viewers; two of these reported that the road would be of public utility. The appellants then filed a remonstrance alleging the inutility of the road, and other viewers were appointed, who reported

that the road would be of public utility. The board ordered the road to be opened, and the remonstrants appealed. In the circuit court the motion to dismiss the proceedings was renewed and overruled. The cause was tried by a jury, who returned a verdict that the proposed highway would be of public utility. The appellants moved for a *venire de novo* and in arrest of judgment, both of which motions were overruled, and such rulings were assigned as errors on an appeal to this court. It was held that the circuit court erred in overruling the motion to dismiss the proceedings for the insufficiency of the petition. This was exactly in accordance with all the preceding cases. The objection, having been made before the county board, was renewable in the circuit court. This was enough to reverse the case, but the court proceeded : "It seems very clear to us, that the court below erred in overruling the appellant's motion for a *venire de novo* in this case. In highway cases, on appeal to the circuit court, there must be a trial *de novo* of the whole case." And for this the court cited *Kemp* v. *Smith, supra, Daggy* v. *Coats, supra,* and *Sidener* v. *Essex, supra,* every one of which affirms the doctrine that the whole case to be tried *de novo* is the case which was tried before the county board, giving to the express and implied admissions of the parties the same effect in the circuit court that they had before the county board.

The court continued : "The verdict of the jury * was defective in this, that it was expressly limited by its terms to a finding upon one single question of fact, and none other." The court further said : "There should be a general finding for the petitioners by the court or jury trying the cause, of all the facts which the board of commissioners would have been required to find in such a case." But all the cases show that objections properly waived before the county board are considered as waived in the circuit court.

The decision in *Scraper* v. *Pipes* does not expressly overrule any case. The appellants claim that it overrules the very cases it cites as authority ; but since that decision this

court has decided *Turley* v. *Oldham*, 68 Ind. 114, and *Schmied* v. *Keeney*, 72 Ind. 309, reaffirming the earlier decisions, citing as authority *Fisher* v. *Hobbs, supra, Smith* v. *Alexander, supra, Sidener* v. *Essex, supra,* and *Daggy* v. *Coats, supra,* and with them citing this same case of *Scraper* v. *Pipes,* by which, the appellants claim, all the others were overruled.

The conclusion is irresistible that *Scraper* v. *Pipes* was not intended to overrule any of the previous decisions. Anything in it apparently inconsistent with the former rulings was not followed in the more recent cases of *Turley* v. *Oldham, supra,* and *Schmied* v. *Keeney, supra.*

The next case cited by appellants is *Sparling* v. *Dwenger,* 60 Ind. 72. Here the court said, the appellee should have filed a remonstrance, and then, "on such appeal, he could have obtained a decision of all the questions, whether of law or fact, involved in the original cause or proceeding." This is in accordance with the previous decisions. An appeal brings up the questions involved, but not matters about which no question was made. The next case referred to by appellants is *Bowers* v. *Snyder,* 66 Ind. 340. Here there was a remonstrance for inutility, and viewers were appointed who reported that the road would be of public utility; there was then an application for damages, and for the appointment of other viewers to assess them; this application was rejected by the county board who established the highway. On appeal to the circuit court, the point decided was, that the county board ought not to have rejected the application for damages. The court said, incidentally, "In these highway cases, the law is well settled, that there must be a trial *de novo* of the whole case, on an appeal from the board of commissioners to the circuit court;" and for this they cited *Sidener* v. *Essex, supra,* and *Scraper* v. *Pipes, supra;* but the case of *Sidener* v. *Essex* is one of the cases claimed to be overruled by *Scraper* v. *Pipes,* and yet it is here cited by the court in connection with the very case which the appellants claim has overruled it. In *Sidener* v. *Essex,* the only questions

presented by the remonstrance related to utility and damages, and the court held that nothing else could be considered. The next case cited by appellants is *Grimwood* v. *Macke*, 79 Ind. 100. The point ruled in this case was, that the improper rejection by the county board of a report of viewers does not deprive the board of jurisdiction of the subject-matter. This was in accordance with all the cases, and overruled nothing. The last case cited by appellants is *Cox* v. *Lindley*, 80 Ind. 327. In this case the court said : " In a case like this, an appeal either suspends or vacates all the proceedings had before the commissioners, and brings the cause before the circuit court for trial *de novo*. A further appeal to this court, therefore, only requires a review of what occurred in the circuit court." The court cited *Scraper* v. *Pipes, supra; Turley* v. *Oldham, supra;* and *Schmied* v. *Keeney, supra*.

The foregoing review shows that the proposition stated by the appellants in their brief, to wit, " That the petitioners, in an appealed highway case, are required, in order to recover, to prove their whole case as they were required to prove it originally before the commissioners," can not be sustained.

The same proceedings can not be had in the circuit court as before the county board. In the circuit court the matter to be tried *de novo* is the matter which was in controversy before the county board, unless the issues be amended in the circuit court as hereinbefore stated. The petitioners are not required to prove in the circuit court matters upon which no issue was made below, or matters, the regularity of which was either expressly or impliedly admitted below. *Kemp* v. *Smith, supra; Daggy* v. *Coats, supra; Sidener* v. *Essex, supra; Smith* v. *Alexander, supra; Crossley* v. *O'Brien, supra; Little* v. *Thompson, supra; Wright* v. *Wells, supra; Cummins* v. *Shields, supra; Fisher* v. *Hobbs, supra; Sowle* v. *Cosner, supra; Turley* v. *Oldham, supra; Schmied* v. *Keeney, supra*.

In the case at bar the following was the form of the verdict : " We, the jury, find for the petitioners in case No. 2273, and that the highway therein petitioned for would be of

Green *v.* Elliott *et al.*

public utility; we further find that the remonstrant thereto is entitled to damages in the sum of forty dollars ($40).'' This was a general finding for the plaintiffs; but if there had been no such general verdict, but merely a verdict upon the questions of public utility and damages, that would have been sufficient without any reference to enclosures, because no objection having been made before the county board as to enclosures, the regularity of the proceedings in that respect was admitted; any objections in that behalf were waived, and the cause taken to the circuit court to be tried was the cause upon which the adversary proceedings were had below. There was, therefore, no error in overruling the motion for a *venire de novo;* there was no imperfection in the verdict.

As to the motion for a new trial, the appellant says in his brief: " We will not attempt to discuss all the reasons assigned in the motion for a new trial, but will confine ourselves mainly to the first three, which are as follows : "

1. Error of the court in giving instructions.

2. Error of the court in refusing to give instructions.

3. Error of the court in refusing to submit to the jury interrogatories put by the defendant.

The appellant says in his brief, that " The question of enclosures is substantially presented in the first, second, third and fourth instructions given by the court. It is also directly presented by the refusal of the court to give instructions numbered 3, 4 and 11 asked for by defendant; those numbered 2, 3, 4, 6, 7 and 8 present the same point and no other. Thus, by the motion for a new trial, the question of enclosures is squarely presented." The record shows that the court of its own motion gave instructions numbered from 1 to 20. We find nothing in the first four of these in reference to enclosures. No. 10 of these instructions is as follows : " Under the papers filed and the issues to be tried in this case you have nothing to do with the question of enclosures. That question is not raised, and is, therefore, not involved in your investigations." It follows, from what has been hereinbefore stated,

that there was no error in this instruction. *Cummins* v. *Shields, supra; Wright* v. *Wells, supra; Sidener* v. *Essex, supra; Little* v. *Thompson, supra; Crossley* v. *O'Brien, supra.*

The appellant claims that instructions numbered 7, 8 and 9, given by the court of its own motion, were incorrect and likely to mislead the jury in reference to the law of dedication. In these instructions the court told the jury that, upon the question of the public utility of the proposed highways, they should consider what highways were already existing in the vicinity, and that, if a certain road designated as No. 6 were a public highway, it should be considered, otherwise not; and, it being claimed that said road No. 6 had become a highway by dedication, the court told the jury what would constitute a dedication, and that, besides a dedication, there must be an acceptance; and the court also told the jury what circumstances ought to be considered in determining whether there had been an acceptance or not; and that such a dedicated road might become a highway by public use, although never worked by the supervisor or by anybody else.

We think that these instructions were not likely to mislead the jury, and were right.

The appellant objects to the definition given by the court, in its instruction No. 6, of the phrase "public utility." The court said: "Now, what is public utility? I answer, very briefly, it is a road required for public convenience, not one that is an absolute necessity to the public, but one that the convenience of the public requires." The distinction between necessity and utility was here correctly indicated. What the public convenience requires is useful to the public, although it may not be an absolute necessity. Instruction No. 6 was substantially right.

If there were any objections to the other instructions given by the court they are not discussed in the appellant's brief, and are, therefore, regarded as waived.

The court refused instructions asked for by defendant, numbered 1, 2, 3, 4, 6, 8, 8½, 11, 13, 14, 15, 16, 19, 20, 22, 23, 24,

25 and 26.   As to these, no question is made in the appellant's brief as to Nos. 1, 2, 8, 24, 25 and 26.   Nos. 3, 4 and 11 call upon the jury to consider the question of inclosures, the same question embraced in the tenth instruction given by the court of its own motion.   The tenth instruction of the court being right, as heretofore shown, it follows that said instructions 3, 4 and 11 were properly refused.

There was no error in refusing to give said instructions Nos. 6, $8\frac{1}{2}$, 14, 15, 16, 19, 20, 22 and 23.   The proper instructions upon the subjects thereof were embraced in the instructions given by the court of its own motion.   Instruction No. 13 asked for by defendant was properly refused, because it required the jury to find upon a question not before them, and it was inconsistent with the instructions Nos. 7, 8 and 9, given by the court of its own motion.

The only matter stated in the appellant's brief, as to the alleged error of the court in refusing to submit the defendant's interrogatories, has reference to said interrogatories Nos. 2, 3, 4, 5, 6, 7 and 8.   The appellant says that these interrogatories present the same question as to inclosures, and none other, that was presented by the motion for a *venire de novo.*   Therefore, the same reasons, hereinbefore given, which sustain the action of the court in overruling that motion, also sustain its action in refusing to submit said interrogatories.

We have now examined all the errors assigned which the appellant has thought it important to discuss in his brief.   He says, at the close of his argument, " Many questions were raised upon rulings made by the court during the progress of the trial, all of which are set forth in the bill of exceptions, and in the motion for a new trial.   The reasons why the exceptions were taken are fully stated in the record, to which we direct the attention of the court, and ask that they be considered.   We will not take them up in detail, as this brief is already too much extended."

The rule is that errors assigned and not argued are waived.

*Tracewell* v. *Peacock*, 55 Ind. 572; *Griffin* v. *Pate*, 63 Ind. 273; *Goldsberry* v. *State*, 69 Ind. 430.

In *Yeakle* v. *Winters*, 60 Ind. 554, the statement in the brief was as follows: "The reasons assigned in the motion for a new trial are numerous, and we fear your Honors would consider it tedious, and perhaps useless, to consider them in detail. Therefore we say nothing other than that we insist upon them here earnestly, and ask your Honors to consider them as assigned." This court held that all such reasons were waived, and said: "We must be excused from hunting for what the counsel could not find in his own case."

The statement in the case at bar does not differ substantially from that in the case just cited, and is subject to the same rule.

We have found no error in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.