## WASHBURN v. WASHBURN.

In an application by the wife for a divorce on the ground of the willful neglect of her husband, and his failure to provide her with the necessaries of life, for the period of three years, the residence of the husband with the wife within the three years is no answer to the application, where it appears that they were not living together at the commencement of the suit.

Willful neglect, whether accompanied with desertion or otherwise, is a distinct ground of divorce.

The neglect must be such as leaves the wife destitute of the common necessaries of life, or such as would leave her destitute but for the charity of others.     If those common necessaries are provided by the earnings of either, there is no such willful neglect as is contemplated by the statute.

The earnings of both husband and wife go into a common fund, and become common property, the control and disposition of which belong to the husband, and when applied by him, or with his assent, for her support, and are sufficient for that purpose, there is no basis for a decree.

It must appear affirmatively on the part of the applicant that the husband was the owner of property sufficient to provide the necessaries of life, and neglected to do so.

The ability mentioned in the statute has reference to the possession by the husband of the means in property to provide such necessaries, not to his capacity of acquiring such means by his labor.

APPEAL from the District Court of the Fourth Judicial District, County of San Francisco.

The defendant obtained judgment in the Court below, and the plaintiff appealed.

The facts appear in the opinion of the Court.

*Chas. Halsey* for Appellant.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The plaintiff applied for a divorce, and alleged as the ground of her application the willful neglect of her husband, for the period of three years, to provide for her the common necessaries of life, having the ability to provide the same.

It appears from the testimony that the parties were married several years ago, and lived together until about eleven months preceding the application; that the defendant is an able-bodied man, a seaman by occupation, of idle habits, and an occasional tippler; that he has not made any provision for the support of his wife for the last four years, but that during this period, she has supported herself by her own earnings; and that, in the opinion of the witnesses, he might have obtained employment as a first or second officer of a ship, at wages from forty to eighty dollars per month.

The residence of the husband with the wife, within the three years, is not an answer to the application. They were not living together at the commencement of the suit. The statute provides for cases of desertion; and willful neglect, whether accompanied with desertion or otherwise, is a distinct ground of divorce. (Divorce Act, § 4.) But the neglect must be such as leaves the wife destitute of the common necessaries of life, or such as would leave her destitute but for the charity of others. If those common necessaries are provided by the earnings of either husband or wife there is no such willful neglect as is contemplated by the statute. The earnings of both go into a common fund, and become common property, the control and disposition of which belong to the husband, and when applied by him, or with his assent, for her support, and are sufficient for that purpose, there is no basis for a decree, and the application must fail. In the present case the earnings of the plaintiff were sufficient for her support, and were applied to that purpose, and it does not appear that the defendant ever exercised control over them or interfered with their use.

If the earnings of the wife are laid out of consideration, the application must still fail, for, aside from such earnings, it does not appear that the defendant was at any time the owner of property sufficient to provide the necessaries of life. This should appear affirmatively on the part of the applicant. The ability mentioned in the statute has reference to the possession by the husband of the means in property to provide such necessaries, not to his capacity of acquiring such means by labor.

In Mary F. *v.* Samuel F., (1 New Hamp., 198,) the libellant alleged, as ground of divorce, the voluntary absence of her husband for three years without making suitable provision for her

support. It appeared from the testimony that the defendant was a laboring man, and that during his absence he had been in good health and able to work; but it did not appear that he possessed any property, and the Court said :

"The evidence is not sufficient to authorize us to decree a divorce in this case. No neglect of a husband, in cases of this kind, to make provision for his wife's support is a good cause of divorce, unless it was in his power to do so; and we are of opinion that the husband cannot be considered as having the power to make such provision, within the meaning of the statute, unless he has property. It is not enough to show that he has been able to labor; it must be distinctly shown that he has actually had property sufficient to enable him to make such provision."

Judgment affirmed.