## STILSON *v.* THE BOARD OF COMMISSIONERS OF LAWRENCE COUNTY.

CONTRACT.—*Public Policy.*—*Removal of Court-House.*—A written promise to pay into the county treasury a certain sum of money, upon the condition that the county commissioners, who had removed the county court-house from the public square and were building a new court-house elsewhere, would remove it back to said square, which offer was accepted by said commissioners, who entered on their records an order for such relocation, was not void as against public policy, though the commissioners were not expressly authorized by statute to receive such donations.

From the Lawrence Circuit Court.

*F. Wilson, A. C. Voris, A. B. Carlton, A. D. Lemon, N. Crook, J. E. McDonald* and *J. M. Butler*, for appellant.

*E. D. Pearson*, for appellee.

BUSKIRK, J.—The assignments of error present but one question, and that is, whether the contract sued upon is void by reason of being against public policy.

The material facts set forth in the pleadings and proved upon the trial are, that the county commissioners had commenced the erection of a new court-house upon lots Nos. 27 and 28, in the town of Bedford, the site having been changed from the public square, where the old court-house stood, to said lots; that the commissioners had already purchased said lots for that purpose, had contracted for the building thereon of said new court-house, and that the foundation thereof had been put in; also, that suits had been brought against said board, endeavoring to enjoin the building of said new court-house upon said new location, which suits said commissioners had been compelled to resist, in doing all of which it is averred that said commissioners had incurred considerable expense; and that theretofore, to wit, on the 19th day of April, 1870, and when said commissioners were in session, the appellant and twenty-seven others petitioned said commissioners to remove said new court-house site back to the public square, from whence it had been removed; and in consideration of the personal advantage they supposed said new court-house would be to them if built upon the public square, and in consideration of their several promises to each other and the expenditure by said commissioners, incurred as aforesaid, and the additional expenditure that would have to be incurred in changing said location back to said public square, they promised in writing to pay into the treasury of said county the sums respectively attached to their names; and that, on the offer and solicitation of said petitioners and others, they accepted said proposals and entered upon their record an order for such relocation.

The question arising in the record was fully considered, and decided adversely to the appellant, in the case of *The State* v. *Johnson*, at the present term, *ante*, p. 197. Upon the authority of that case, the judgment in the present case must be affirmed. The two cases differ in this, that in the

above cited case there was a statute which authorized the reception of donations in money or materials, while in the present case there is no such legislative sanction. But the ruling in the present case is predicated upon the general principles of law relating to public policy, as laid down in the above cited case.

The judgment is affirmed, with costs.

PETTIT, J., dissents from the conclusion reached by a majority of the court.