Filed May 9, 1884.

---

. No. 9,978.

DENNY ET AL. v. BUSH ET AL.

HIGHWAYS.—*Remonstrance.*—*Res Adjudicata.*—*Public Utility.*—*Damages.*— Where a remonstrance, alleging inutility, has been filed against a petition for a highway, and decided against the remonstrants by the board of commissioners, upon the report of reviewers, a subsequent remonstrance upon the same ground, by any of such remonstrants, will not lie, but may be filed, before final action by the board, for damages.

SAME.—*Appeal.*—*Refiling Remonstrance in Circuit Court.*—It is error in the county board to dismiss such remonstrance for damages, but a remonstrator can not, upon an appeal to the circuit court, in which he does not join, there refile such remonstrance.

SAME.—*Plea in Abatement in Circuit Court.*—Where, upon such appeal to the circuit court, a jury has been sworn to try the case, and some evidence introduced, the remonstrants can not then first file a plea in abatement, alleging objections to the qualifications of some of the petitioners.

SAME.—Such a plea in abatement, alleging that one of the petitioners had been induced to sign the petition upon the promise of other petitioners to build a fence which would be rendered necessary by the location and opening of the highway, is insufficient.

From the Marion Circuit Court.

*E. P. Ferris, J. S. Ferris, F. J. Van Vorhis* and *W. W. Spencer,* for appellants.

*F. Winter* and *W. W. Herod,* for appellees.

BICKNELL, C. C.—The thirty-three appellants in this case filed their petition with the county board for the location of a highway in Pike township, in Marion county.

The board found that the petition was signed by twelve freeholders of the county, six of whom resided in the immediate neighborhood of the proposed highway, and that due notice had been given. Viewers were appointed, who reported that the road would be of public utility, and that they had laid it out on the line proposed, thirty feet in width.

The appellees and forty-three others, freeholders of said county, residing along the line of the proposed highway, filed a remonstrance against the same, alleging that it would not be of public utility. The board then appointed other viewers to examine and report as to public utility, and they reported that the highway would be of public utility.

The appellee Zachariah Bush then filed his remonstrance, claiming $750 damages. Reviewers were then appointed, who reported, assessing the damages of said Bush at $50.

At this stage of the proceedings, at the March term, 1881, of said county board, that being the fourth term after the filing of the original petition, the appellee William A. Fleming and one Eliza A. Boughton filed separate remonstrances, claiming damages, and also alleging that the road would not be of public utility. Fleming's remonstrance was dismissed on the motion of the petitioners, and said Eliza A. Boughton then dismissed her remonstrance. Thereupon the county board ordered that the highway be opened, etc.

From this final order Zachariah Bush appealed to the Marion Circuit Court, and he filed the appeal bond, with surety. No other appeal was taken. The appeal at the September term of said court was continued. At the December term, 1881, of said court, a jury was empanelled and sworn to try the cause, and after the counsel had made their opening statements, on motion of the said William Fleming, and over the objection of the petitioners, he was permitted to reinstate his separate remonstrance for damages and on account of public inutility, which had been dismissed by the county board, he having taken no appeal from such dismissal. The petitioners

then moved the court to dismiss the remonstrance of said Fleming, and this motion was overruled.

The trial then proceeded, and after the petitioners had examined two witnesses, the court, over the objection of the petitioners, permitted the defendants to file a verified plea in abatement, which stated, in substance, that Eliza Roberts, one of the signers of the petition, had been induced to sign it by the written promise of two of the other signers, that if she would sign it they would build a fence for her thirty rods long and eight rails high, and would furnish the necessary rails and chunks therefor.

This plea was sworn to by said defendant Zachariah Bush; it stated that he had no knowledge or information of such inducement in time to plead it before the county board, and that he could not have discovered it with reasonable diligence before filing his remonstrance with the board.

The petitioners jointly and severally demurred to said plea in abatement, for want of facts sufficient to constitute a defence to their petition or plea in abatement in this proceeding. These demurrers were overruled.

The plaintiffs replied to the plea in abatement in four paragraphs:

1. That before said Eliza Roberts signed said petition, more than twelve freeholders of Marion county, of whom more than six resided in the immediate neighborhood of said proposed highway, had signed said petition, and that said highway is wholly in said county.

2. Stating the same facts, and naming twenty-four of such signers, and averring that only two of the thirty-three petitioners signed the petition after said Eliza Roberts signed it.

3. This was a general denial.

4. That said twenty-four signers, naming them, were all resident freeholders of said county, of whom more than six resided in the immediate neighborhood of said proposed highway; that the promise mentioned in said plea in abatement

was made without the knowledge of said signers, and they never ratified it; and that public utility, necessity and convenience demanded the location of said highway.

The defendants separately demurred to each of the first, second and fourth paragraphs of said reply for want of facts sufficient. The demurrers were sustained.

The court then, over the objection of the petitioners, gave leave to both defendants to withdraw their remonstrances, and said remonstrances were withdrawn, and the court, over the objection of the petitioners, discharged the jury, and called a new jury to try the issue on the plea in abatement and the third paragraph of the reply thereto. Upon that issue the new jury found for the defendants. The petitioners moved for a new trial, for the following reasons:

1, 2 and 3. The verdict is not sustained by sufficient evidence, and is contrary to law and to the evidence.

4. Error of law occurring at the trial, in this: (a.) In permitting William Fleming to become a party defendant and to file a remonstrance after the jury had been sworn and the counsel on both sides had made their opening statements. (b.) In allowing defendants to plead in abatement, after the jury had been sworn to try the issues, and after the examination of two witnesses, remonstrances having been filed with the county board, and no matter in abatement having been pleaded before the board, and in ordering the plea in abatement to be first tried. (c.) In ordering the jury to be re-sworn, over the objection of the petitioners. (d.) In refusing to permit the petitioners to open and close the case. (e.) In refusing to permit the petitioners to prove that more than twelve resident freeholders of the county, of whom six resided in the immediate neighborhood of the proposed highway, had signed said petition—this evidence being offered before the defendants introduced evidence in support of their plea in abatement. (f.) In refusing to permit the plaintiffs to prove, after the defendants had introduced their evidence in support of the plea in abatement, and had rested, by one Harrison Foreman, that

more than twelve freeholders, residents of said Marion county, had signed said petition before Eliza Roberts signed it, and that more than six of said freeholders lived in the immediate neighborhood of said proposed highway. (*g.*) Because the court erred in discharging the jury, over the plaintiffs' objections, upon the trial of the issues as originally formed in this case.

The motion for a new trial was overruled. The petitioners then moved the court for judgment in their favor, establishing the highway, because of the withdrawal of said remonstrances, and because the plaintiffs gave and offered to give all the evidence necessary to sustain their petition. This motion was overruled, and judgment was rendered "that the petition and proceedings of the plaintiffs be in all things abated, and that the same be dismissed" at plaintiffs' costs. To this judgment the plaintiffs excepted, and they appealed therefrom.

The following is the assignment of errors:

1. The court erred in permitting the remonstrance of William A. Fleming to be reinstated and filed in the circuit court, he not having appealed from the decision of the board of county commissioners.

2. The court erred in overruling the objections of appellants to the filing and reinstatement of the remonstrance of William A. Fleming.

3. The court erred in overruling the motion of appellants to dismiss the remonstrance of William A. Fleming.

4. The court erred in overruling the objections of the appellants to the filing of the appellees' plea in abatement.

5. The court erred in overruling the appellants' motion to proceed with the trial of the cause, and in permitting the plea in abatement to be filed.

6. The court erred in overruling the appellants' demurrer to said plea in abatement.

7, 8, 9 and 10. The court erred in sustaining appellees' demurrers to the first, second and fourth paragraphs of appellants' reply.

11. The court erred in discharging the jury over the objections of the appellants, after the jury had been empanelled and sworn to try the cause and two witnesses had been examined.

12. The court erred in overruling appellants' motion for a new trial.

13. The court erred in overruling appellants' motion for a judgment in their favor.

The first three of the foregoing specifications of error present the question as to the legality of the action of the court in introducing into the cause the remonstrance of William A. Fleming, claiming damages and alleging that the road would not be of public utility. This remonstrance stated that Fleming was the owner of land through which the highway would pass; it was the same separate remonstrance which the county board had dismissed. As to its allegation in reference to public utility, it was properly dismissed; that matter had already been determined by the report of the viewers appointed on a remonstrance signed by Fleming himself and forty-four others. Fleming had no right to remonstrate again for want of public utility, but his remonstrance was good as to damages, and was in time for that purpose, having been filed before the final action of the county board. R. S. 1881, sections 5019, 5020.

The county board erred in dismissing Fleming's claim as to damages. Fleming might have appealed, but he did not: if he had appealed, the case would have been like that of *Breitweiser* v. *Fuhrman*, 88 Ind. 28, in which it was held that a party who had been prevented by the wrongful act of the county board from filing his remonstrance for damages before the final action of that body should be permitted, on an appeal by him, to file his remonstrance for damages in the circuit court. In *Smith* v. *Alexander*, 24 Ind. 454, a party who had not appeared at all before the county board was permitted, the other parties not objecting, to appear in the circuit court and file a remonstrance for damages, but here is a

different case. Fleming was before the county board and did not appeal. Without appealing he could not object to the action of the county board upon his remonstrance for damages. In the case of *Leffel* v. *Obenchain,* 90 Ind. 50, it was held that an issue formed by A. as to his claim for damages affects him and the petitioners only, and that no appeal from an order awarding or refusing damages to another can affect it, and that a party, who is dissatisfied with the action of the county board as to his claim for damages, must appeal in order to have that question retried in the circuit court. He can not have the benefit of a trial *de novo* without an appeal. The appeal taken by Bush alone had nothing to do with the order made as to Fleming's damages. We think the circuit court erred in permitting Fleming to file his remonstrance. He not having appealed, it was too late to introduce such a new issue after the jury was empanelled and sworn ; the jury was not sworn to try that issue. And it has been decided repeatedly that ordinarily the only issues to be tried in the circuit court on appeal are those made before the county board. *Green* v. *Elliott,* 86 Ind. 53, and cases there cited. It follows that the court below erred in overruling the motion of the petitioners to dismiss said remonstrance of Fleming.

The court below erred also in permitting the plea in abatement to be filed. This cause was tried in December, 1881 ; it was too late for a plea in abatement after the jury had been sworn and witnesses examined ; the plea was an objection to the qualifications of some of the signers of the petition ; there was no such objection made before the county board ; such objections, if known, must be made before the appointment of viewers ; if not so made, the finding of the board as to the competency of the petitioners is conclusive. *Little* v. *Thompson,* 24 Ind. 146.

And the court erred in overruling the petitioners' demurrer to the plea in abatement ; it was clearly bad.

The petition was signed by thirty-three persons; the plea

does not show that any of the parties to the agreement therein set forth possessed any of the qualifications of proper petitioners required by the statute. In *Hays* v. *Parrish*, 52 Ind. 132, the objection was made that John Parrish, named as one of the petitioners, did not sign the petition. The court said: " The petition, as has been stated, was signed by forty-eight persons, and as the board acted upon it, appointed viewers, and ordered the highway laid out in pursuance of it, it will be presumed that there was sufficient proof before the board that enough of the signers had the necessary qualifications, although the petition was not signed by Parrish." The plea does not show that any one of the three parties to the contract was required to make up the twelve required by the statute.

The substance of the plea was bad. The contract filed with the plea was not an illegal contract, nor in any way opposed to public policy or sound morals. *Cummins* v. *Shields*, 34 Ind. 154; *Hayes* v. *Board, etc.*, 59 Ind. 552; *State* v. *Johnson*, 52 Ind. 197; *Stilson* v. *Board, etc.*, 52 Ind. 213.

In the case of *Makemson* v. *Kauffman*, 35 Ohio St. 444, a majority of the land-owners were required to sign the petition for a gravel road before viewers could be appointed. Three such signatures were obtained by the promise of others interested to pay whatever assessments were made on their lands. The court said: " We are unwilling to say that the mere circumstance that a land-owner of the vicinity signed a petition upon the promise of another to relieve him from the burden of the assessment, required the commissioners to adjudge that a fraud upon the law was intended, and thereupon to reject the petitioner's name, in determining whether or not a majority of resident land-owners whose lands were reported as benefited, were in favor of the improvement." So, in *Million* v. *Board, etc.*, 89 Ind. 5, this court held that the fact that one Bowen, a large land-holder, had signed the petition for a free turnpike, solely upon condition of being released from the payment of the assessment against his land, and that said expense should be borne by the parties and others, even when

the contract was made with the board itself, and when it was necessary that he should sign the petition in order to have the required number to constitute a majority and give the board jurisdiction, did not invalidate the proceedings.

The other errors assigned it is not necessary to consider specially. The result of the action of the court in permitting the plea in abatement, and in overruling the demurrer to it, and in discharging the jury after the trial of the issues had begun, and summoning a new jury to try the issue on the plea in abatement, was that the cause was decided upon a matter entirely aside from its merits, and which had nothing to do with the issues brought up by the appeal for determination. The court erred in overruling the motion for a new trial.

The appellants claim that after the remonstrances of the appellees were withdrawn, the motion of the appellants for judgment in their favor should have been granted, but we think justice will be better secured by a reversal of the judgment and a new trial of the issues as they came from the county board.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the costs of the appellee, and this cause is remanded, with instructions to the court below to grant a new trial herein as to the issues tried in this cause before the county board.

Filed May 10, 1884.