Smith *et al. v.* Clifford.

Filed Dec. 17, 1884.

------

No. 11,419.

SMITH ET AL. *v.* CLIFFORD.

DRAINAGE.—*Complaint to Recover Assessment.—Exhibit.—County Commissioners.—Jurisdiction.—Collateral Attack.*—A complaint to recover an assessment for drainage, where the proceedings for drainage were before the county board, is not founded upon the order of the board, but upon the assessment; the order establishing the drain need not be made part of the complaint, and if it appear that by petition and proper notice the board had jurisdiction, the order can not be attacked collaterally.

SAME.—*Judicial Knowledge.—County Boundaries.*—Courts will take judicial knowledge of the county in which a public ditch is located, and also the lands affected thereby, if the *termini* and route of the ditch, and the section, township and range of the lands, be shown by averment.

From the Hamilton Circuit Court.

*F. M. Trissal,* for appellants.

*L. O. Clifford, T. J. Kane* and *T. P. Davis,* for appellee.

FRANKLIN, C.—Appellee brought this suit against appellants to collect a ditch assessment. This case has heretofore been before this court, and is reported in 83 Ind. 520. The judgment was then reversed, for the reason that no copy of the assessment was made a part of the complaint.

The complaint in the case under consideration appears to have been amended and filed February 6th, 1883, after the reversal of the former judgment, and is based upon a copy of the assessment. There was a demurrer overruled to the complaint, and the only assignment of error is based upon that ruling.

The first objection urged against the complaint is, that it does not show that the county board adjudged that the contemplated work was of public utility. This action is not founded upon the judgment establishing the work, but upon the assessment made by the appraisers. It was not necessary that such judgment should be a part of the complaint. The transcript of the proceedings before the county board, filed as an exhibit with the complaint, shows the filing of the petition, the giving of proper notice, the appointment of the appraisers, and their assessment of the damages and benefits. Sufficient is shown to give the county board jurisdiction of the case, and in such cases all irregularities before the county board are waived by not appealing from their judgment, and their proceedings are conclusively presumed to be correct, and can not be attacked in this collateral way. *Cauldwell* v. *Curry,* 93 Ind. 363; *Town of Cicero* v. *Williamson,* 91 Ind. 541; *Foster* v. *Paxton,* 90 Ind. 122; *Featherston* v. *Small,* 77 Ind. 143; *Marshall* v. *Gill,* 77 Ind. 402.

Smith *et al. v.* Clifford.

It is further objected that the complaint does not show in what county or State the proposed ditch or the lands to be affected by its construction are situate. The *termini* of the ditch, and the section, township and range of the lands to be affected thereby, are definitely stated.

The notice of the pendency of the petition states that the lands to be affected by the ditch, describing them, were situate in Jackson township, Hamilton county, Indiana. The county board took jurisdiction of the case. This court will take notice of the boundary lines of Hamilton county; and where the section, town. and range of the ditch, and the lands to be affected, are stated, with the averments in said notice, we think the proceedings sufficiently show that said ditch and lands were situate in Hamilton county, Indiana. *Dutch* v. *Boyd,* 81 Ind. 146.

It is further objected that the complaint does not show that appellants owned, or had any interest, in the lands upon which the assessment was made. In this we think appellants are mistaken. The assessments of benefits made by the appraisers positively state that the lands assessed belonged to appellants.

It is further insisted that the complaint should show that the owner of the land had notice of the meeting of the appraisers to make the assessment. The complaint does aver that such notice was given, by reading and leaving a copy more than ten days before the meeting of such appraisers.

None of the objections urged against this complaint are well taken. See the case of *Bate* v. *Sheets,* 50 Ind. 329.

We find no error in this record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed Dec. 19, 1884.