Adams *et al. v.* Harrington *et al.*

Filed March 20, 1888.

---

No. 13,768.

## ADAMS ET AL. *v.* HARRINGTON ET AL.

HIGHWAY.—*Opening of.—Injunction.*—An injunction to restrain the open-ing of a highway will not lie where the proceedings under which it was established are not totally void, nor where there is an adequate remedy by appeal.

SAME.—*Petition and Notice.—Sufficiency of.—Collateral Attack.*—The implied decision by the board of commissioners, by the assumption of jurisdiction, that the petition and notice for the establishment of a highway are sufficient, is conclusive as against a collateral attack.

SAME.—*Failure to Receive Notice.—Injunction.—Irreparable Damage.*—Where notice of the presentation of a petition for a highway is given accord-ing to law, the failure of any person to receive actual notice thereof is no cause for a stay of proceedings by injunction. If irreparable dam-age is likely to be inflicted, that is a cause for remonstrance.

SAME.—*Description.—Monument.— Marsh.*—A well defined marsh may be used as a monument, when appropriate for that purpose, in defining the line of a proposed highway.

SAME.—*Word "About" in Description.*—The word " about," where the con-

text limits and restrains its meaning, does not materially impair the certainty of a description.

SAME.—*General Sufficiency of Description.*—In describing the proposed line of road, it is enough if the general description is such that a surveyor can, with the assistance of the points definitely named, trace and designate the route.

SAME.—*Cul de Sac.—May be Laid Out.*—A *cul de sac* may, in certain cases, be laid out and established as a highway.

SAME.—*Judicial Notice.*—Courts will take judicial notice of the county in which a public highway is located, where the lands to be affected by it are described by sections, townships and ranges.

From the White Circuit Court.

S. P. *Thompson,* W. *Darroch,* S. *Claypool* and W. A. *Ketcham,* for appellants.

E. P. *Hammond* and D. L. *Bishop,* for appellees.

NIBLACK, J.—This suit was commenced in the Newton Circuit Court, where a temporary injunction was granted. The venue was then changed to the White Circuit Court. That court sustained a demurrer to the complaint, dissolved the temporary injunction, and gave final judgment upon de-, murrer in favor of the appellees. This appeal, therefore, presents only the question of the sufficiency of the complaint.

The complaint charged that, on the 4th day of December, 1883, a petition was presented to the board of commissioners of the county of Newton, praying for the establishment of a highway in that county, described as follows: " Commencing at the northwest corner of section eight (8) and the southwest corner of section five (5) in township thirty-one (31) north, range eight (8) west; thence running west on the section line dividing sections six (6) and seven (7) in township thirty-one (31) north, range eight (8) west, one mile to the range line dividing ranges eight and nine, viz., Lincoln and Lake townships; thence running west on the section line dividing sections one (1) and twelve (12) in township thirty-one (31) north, range nine (9) west, one hundred and seventy-six (176) rods, to point near the Kankakee river marsh; thence running in a southwesterly direction about sixty-nine

(69) rods around said marsh, on the most suitable ground, to a point intersecting a public highway on the quarter mile line in section twelve aforesaid, sixteen (16) rods south of the section line dividing sections one (1) and twelve (12) aforesaid ; " that proof was thereupon made to the board of commissioners that notice of the presentation of the petition had been posted up at different places, in which notice the line of the proposed highway was described the same as in the petition, and not otherwise more certainly or specifically ; that the board, after causing the petition and notice to be filed and recorded, entered an order substantially in the words following : "And it appearing to the satisfaction of the board that legal notice has been given of the presentation of the above petition, and that said petition is subscribed by at least twelve freeholders of said county, six of whom reside in the neighborhood of said highway, it is, therefore, ordered by the board that William A. Burton, Joseph Burch and Robert A. Hamilton be and are hereby appointed viewers to view said proposed road, and that they meet at the office of George Smith, justice of the peace, on January 29th, 1884, and, after being duly sworn, proceed to view, mark and stake out said road to the width of sixty feet, and report at the March term of this court, and this cause is continued."

The complaint also charged that the viewers so appointed, without authority other than as stated, and without the knowledge or consent of any of the land-owners to be affected thereby, proceeded to view, and did view, mark and stake out a route different in its location and description from that attempted to be described in the petition and notice hereinabove named, and made a report of their proceedings to the board of commissioners ; that said report was, at the March term, 1884, of the board, entered of record with an order attached in these words : " Which report is received and confirmed, and it is ordered by the board that said described road be established sixty feet wide on the line described above, thirty feet on each side of said line, and that the same be

ordered opened and kept in repair, and that the trustees of Lincoln and Lake townships be notified according to law and the viewers paid."

The complaint further charged that John Adams, one of the plaintiffs, is the owner of several particularly described tracts of land in Newton county, on parts of which a portion of the line of road marked and staked out by the viewers is located, and that John Brady, the other plaintiff, is, in like manner, the owner of other described tracts of land in the same county, on parts of which another portion of said line of road is also located; that the lands of the said Brady constituted a stock farm, on which he kept cattle, horses and mules of great value, and on which he had erected sheds, cattle-yards, stables and barns at great expense; that it would cause great and irreparable injury to the said Brady to be compelled either to remove or to abandon his said improvements on his farm; that Charles A. Harrington, as trustee of Lincoln township, Christian L. Brandt, as trustee of Lake township, Oliver Gleason, as supervisor of the first named township, and George Curtis, as supervisor of the township last named, were, upon the pretence of opening a highway on the line marked and staked out by the viewers, threatening to break the inclosures of the plaintiffs, and to destroy the said Brady's sheds, cattle-yards, stables and barns, all of these persons being financially insolvent and unable to respond in damages for the injuries they were threatening to inflict; that the opening and establishment of the proposed highway would do irreparable damage to the lands of both of the plaintiffs. Wherefore it was charged that the pretended proceedings for the location and laying out of a highway were void and incapable of being carried into effect: First. Because the attempted description of a line of road contained in the petition describes only a *cul de sac*, unconnected with any system of highways in Newton county. Second. Because that part of the description in question which reads as follows: "to a point near the Kan-

kakee river marsh; thence running in a southwesterly direction about sixty-nine (69) rods around said marsh, on the most suitable ground, to a point intersecting a public highway," is too indefinite, and does not describe a line which even a surveyor could ascertain and follow. Third. Because the notice contained the same defective, indefinite and void description as that embraced in the petition. Fourth. Because the description of the proposed highway as given in the report of the viewers does not correspond, either in location, or in distances or directions, with that contained in the petition and notice of its presentation, or in the order of the board appointing the viewers, but marks and stakes out a new and different route, and does not give either the county or State in which the route attempted to be described is situate, and because such description is too indefinite and uncertain. Fifth. Because the final order of the board is not based upon the description set out in the petition and notice, but orders the opening and establishment of a line of road essentially different from the one petitioned for, without the consent of the owners of the lands to be thereby affected.

There are some variances between the description of the route embraced in the petition and the one reported as having been marked and staked out by the viewers as to the distances between certain points; also, as to the precise direction to be taken in some particulars, as well as to the use of certain descriptive words; but the view we take of this case renders it unnecessary that we shall particularly define or describe these variances. It is sufficient for our present purpose to remark, that both descriptions were evidently intended to describe substantially the same line of road. The description in the petition is not in all respects as definite and specific as the rules of good pleading require in proceedings for the establishment of a highway, but we regard it as sufficiently certain and particular to resist a collateral attack of the class to which this belongs. Some of the words objected to as too indefinite might be rejected as surplusage, and enough would

remain to define, in general terms, a line of road.　There is a manifest and well defined distinction in highway cases between the sufficiency of the petition on an appeal to the circuit court and upon a collateral attack merely, whether by complaint for injunction or otherwise.　The cases cited and relied on to sustain the invalidity of the proceedings sought to be attacked in this case, have reference only to direct attacks by appeal to the circuit court.

The board of commissioners of Newton county had the power to decide, and was charged with the duty of deciding, whether the petition and notice complained of were sufficient to authorize further proceedings upon them, and, having impliedly decided that they were by the assumption of jurisdiction over the subject-matter and the taking of such further proceedings, its decision in that respect can not be attacked collaterally.　*Muncey* v. *Joest,* 74 Ind. 409 ; *Stoddard* v. *Johnson,* 75 Ind. 20 ; *Ricketts* v. *Spraker,* 77 Ind. 371 (374) ; *Town of Cicero* v. *Williamson,* 91 Ind. 541 (542).

Where a party feels himself aggrieved by such a decision his remedy is by appeal.　R. S. 1881, section 5027.　An injunction in such a case will not lie unless the proceedings are totally void—that is, so defective as to be a mere nullity. *Board, etc.,* v. *Hall,* 70 Ind. 469 (474) ; *Faris* v. *Reynolds,* 70 Ind. 359 (366) ; *Mullikin* v. *City of Bloomington,* 72 Ind. 161 (166) ; *Hume* v. *Little Flat Rock Draining Ass'n,* 72 Ind. 499 ; *Porter* v. *Stout,* 73 Ind. 3 ; *Brocaw* v. *Board, etc.,* 73 Ind. 543 (545) ; *Muncey* v. *Joest, supra ; Stoddard* v. *Johnson, supra ; Hume* v. *Conduitt,* 76 Ind. 598 ; *Argo* v. *Barthand,* 80 Ind. 63 (66) ; *Million* v. *Board, etc.,* 89 Ind. 5 ; *Heagy* v. *Black,* 90 Ind. 534 ; *Cauldwell* v. *Curry,* 93 Ind. 363 ; *Smith* v. *Clifford,* 99 Ind. 113 ; *Ely* v. *Board, etc.,* 112 Ind. 361.

Neither will an injunction be granted where the party applying has an adequate remedy by appeal.　*Houk* v. *Barthold,* 73 Ind. 21 ; *Caskey* v. *City of Greensburgh,* 78 Ind. 233 ;

*Sims* v. *City of Frankfort,* 79 Ind. 446; *City of Madison* v. *Smith,* 83 Ind. 502; *Cauldwell* v. *Curry, supra.*

Where notice of the presentation of a petition for a highway has been given according to law, all parties interested must, at their peril, give attention to the proceedings which ensue, and if, in the ordinary course of events, any such party fails to receive actual notice of the petition, no cause is thereby afforded for the stay of proceedings by injunction. If irreparable damage is likely to be inflicted, that furnishes a cause for remonstrance against the establishment of the highway. R. S. 1881, sections 5009, 5010, 5019; *Denny* v. *Bush,* 95 Ind. 315.

A river, lake, or watercourse of any kind, may be used as a monument, when appropriate for that purpose, in the description of real estate, or in defining a boundary line, or line of road. *Hays* v. *State,* 8 Ind. 425; Willard Conveyancing, 405. On the same principle, a well defined marsh may be used for a similar purpose.

The word "about," where the context limits and restrains its meaning, does not materially impair the certainty of a description. *Corey* v. *Swagger,* 74 Ind. 211.

Technical accuracy is not necessary in the description of a proposed line of road. It is enough that the general description shall be such that a surveyor can, with the assistance of the points definitely named, trace and designate the proposed route. *Conaway* v. *Ascherman,* 94 Ind. 187.

There is nothing shown authorizing the inference that the road in question will form a mere *cul de sac,* that is, a way open only at one end. But, as to that, it may be noted that the weight of modern authority is to the effect that a *cul de sac* may, in certain cases, be laid out and established as a highway. *Sheaff* v. *People,* 87 Ill. 189 (29 Am. R. 49); *People* v. *Kingman,* 24 N. Y. 559.

Courts will take judicial notice of the county in which a public highway is located, where the lands to be affected by

it are described by sections, townships and ranges. *Smith* v. *Clifford*, 99 Ind. 113.

The judgment is affirmed, with costs.

Filed Dec. 29, 1887.