The City of Indianapolis v. The Consumers Gas Trust Company.

No. 16,467.

## THE CITY OF INDIANAPOLIS v. THE CONSUMERS GAS TRUST COMPANY.

PRACTICE.—*Motion to Strike Out Pleading, Bill of Exceptions.*—A motion to strike out an answer or other pleading is not a part of the record unless made so by a bill of exceptions.

MUNICIPAL CORPORATIONS.—*Collateral Attack of Resolution of Council.* —Where the right and power of a common council of a city to pass a resolution depends upon the existence of antecedent facts, the decision and recitation of the council that such facts do exist is conclusive; and such resolution can not be attacked collaterally, in an action to enforce it, by showing that the recitations of the council in the resolution relative to the existence of such facts were false.

SAME.—*Willful Violation of Ordinance, Inability to Comply With its Terms.*—An ordinance which makes it a penal offense for a gas company to "willfully" refuse to lay gas pipes in a street when ordered by the common council is not violated by such company's refusal to lay such pipe, when such refusal is made, in good faith, upon the ground that it is not physically and financially able to do so.

From the Marion Circuit Court.

*L. O. Bailey, W. L. Taylor, R. O. Hawkins* and *H. C. Smith,* for appellant.

*W. P. Fishback* and *W. P. Kappes,* for appellee.

JORDAN, J.—The facts appearing from the record in this cause are substantially as follows:

On June 27, 1887, the city of Indianapolis, by its common council and board of aldermen, passed what is known as the "natural gas ordinance," authorizing natural gas companies which should accept its terms and conditions, to lay mains in the city.

In November, 1887, the appellee, the Consumers Gas Trust Company, was organized, and soon after accepted the terms and conditions of this ordinance and laid its mains along certain streets of said city. Among the sections of that ordinance, and upon which this prosecution was based, are the following:

"Section 13. Any such corporation &ast; &ast; &ast; shall commence to extend its mains &ast; &ast; &ast; along any street contiguous to where its mains are already laid within sixty (60) days after being so ordered by resolution of the common council and board of aldermen. Provided, the same shall be petitioned for by owners or occupants of real estate along the line proposed to be extended, and that 10 per centum of such petitioners shall agree to become consumers of gas, and that, in the opinion of the common council and board of aldermen, such proposed extension is reasonable and ought to be made."

"Section 16. Any corporation willfully violating any provision of this ordinance, directing anything to be done or enjoining the doing of anything, shall, on conviction, be fined in any sum not exceeding $100."

On April 22, 1889, the common council and board of aldermen passed a resolution reading as follows:

"WHEREAS, The owners or residents on Woodlawn avenue &ast; &ast; &ast; have petitioned for the extension of natural gas mains on said street; and,

"WHEREAS, One-tenth of the residents on said street are willing to use gas; and,

"WHEREAS, The mains of the Consumers Gas Trust Company are contiguous to said street.

"*Resolved,* That the Consumers Gas Trust Company is hereby ordered to extend its mains in and along said Woodlawn avenue &ast; &ast; &ast; within sixty days from the passage of this resolution."

The appellee refused to comply with the direction or order of this resolution, and did not lay its mains on Woodlawn avenue for the following alleged reasons:

"That the resolution was invalid because it was passed by the council and board of aldermen without either of said bodies having any knowledge that owners or occu-

pants along said avenue had agreed to become consumers of gas, and for the further reasons that it was not the opinion of the council and aldermen that said directed extension of the mains was reasonable; that all the owners or occupants along said avenue had not petitioned for the said extension, and that none thereof had agreed to become consumers of gas."

By reason of the refusal of the appellee to comply, as directed by the resolution, and extend its mains, the appellant, on August 14, 1889, in order to enforce against the appellee the penalty or fine provided for in section 16 *supra*, commenced this action by filing in the mayor's court its complaint, which, omitting the caption, is as follows:

"The city of Indianapolis complains of the said defendant, late of said city, and says: That the said defendant, on the 12th day of August, 1889, at the city and county aforesaid, did then and there violate sections 13 and 16 of an ordinance of said city passed by the common council and board of aldermen thereof on the 27th day of June, 1887, by unlawfully and willfully failing, neglecting and refusing, after having duly accepted the provisions of said ordinance as provided by section 15, to comply with the order of the common council and board of aldermen of said city, to extend its mains on and along Woodlawn avenue, from Dillon to Reid street, in said city, said avenue being contiguous and adjacent to Dillon street, on which said street defendant has its mains already laid, within sixty days after having been duly ordered by resolution of the common council and board of aldermen to lay and extend its mains on said avenue, such extension having been petitioned for by the owners and occupants of the real estate lying along and adjacent to said avenue, and ten per cent. of such peti-

tioners having agreed to become consumers of gas from said company.''

In the mayor's court, appellee filed no written answer, but relied upon the statutory right to introduce evidence in defense. A trial resulted in the conviction of appellee, and a judgment for fine and cost was rendered against it, and an appeal was taken to the circuit court.

In the latter court, appellee filed an answer to the complaint, in five paragraphs, wherein it expressly waived all rights to give evidence in defense without plea, relying solely upon the several defenses set up in its written answer.

Appellant moved the court to strike out the third, fourth and fifth paragraphs of the answer. This motion was overruled, to which an exception was reserved. Appellant then demurred separately to the second, third, fourth and fifth paragraphs of answer. The demurrer was sustained to the second and fifth and overruled to the third and fourth, to which rulings of the court, exceptions were properly taken by the parties.

The cause, being at issue, it was submitted to the court for trial, and there was a finding and judgment without the intervention of a jury upon an agreed statement of facts. The trial resulted in favor of the appellee, and a judgment was rendered accordingly in its favor for costs. A motion for a new trial by appellant was overruled, exception noted and an appeal taken to this court.

Appellant has assigned the following errors:

First. The refusal of the court to strike out the third, fourth and fifth paragraphs of answer.

Second. Overruling the demurrer to the third paragraph of the answer.

Third. Overruling the demurrer to the fourth paragraph of the answer.

Fourth. Overruling the motion for a new trial.

We will consider the alleged errors in the order of their assignment.

The first, overruling the motion to strike out the paragraphs of the answer, has been very thoroughly and ably presented by the learned counsel for the appellant, but at the very threshold of its consideration, appellee confronts us with the fact that this motion has not been made a part of the record by any order of the court or bill of exceptions, the contention of the counsel for appellee being verified by an inspection of the transcript herein, and the point thus raised being so firmly settled by numerous decisions of this court, and by the provisions of sections 628, 629 and 650 of the code, R. S. 1881, sections 640, 641 and 662, R. S. 1894.

It therefore follows, as a necessary consequence, that there is no question before us for consideration upon the first assignment of error.

The next proposition presented is upon the second assignment, viz.: Did the court err in overruling the demurrer to the third paragraph of answer? The third and fourth paragraphs of the answer, to which the court overruled the demurrer, omitting the formal parts, are as follows:

"For a third and further paragraph of answer to plaintiff's complaint herein defendant says that the said resolution of the common council and board of aldermen of the city of Indianapolis, referred to in the said complaint, is void and invalid for the reason that it is unreasonable, oppressive and against common right, and because it is not within the power reserved to said common council and board of aldermen by section 13 of said ordinance in this: that none of the owners or occupants of real estate along Woodlawn avenue from Dillon to Reid streets (said avenue being the street referred to in

the said resolution and in the complaint), did at the time of, or within a reasonable time prior to, the passage of the said resolution referred to in the complaint, agree, or offer to agree, to become consumers of gas from this defendant.''

''For a fourth and further paragraph of answer to plaintiff's complaint herein, defendant says that the resolution of the common council and board of aldermen of the city of Indianapolis referred to in the complaint is void and invalid because it is unreasonable, oppressive, and against common right, and because it is not within the power reserved to said common council and board of aldermen, by section 13 of said ordinance, in this: that the petition referred to in the complaint and in said ordinance, and on which said resolution was passed, was not the petition of, and was not signed by all the owners or occupants of real estate along said Woodlawn avenue from Dillon to Reid streets (said avenue being the street referred to in said resolution and in the complaint), but that a large number of the owners and occupants of the real estate along said avenue did not sign and petition, and have never petitioned said common council and board of aldermen for the extension proposed by said resolution.''

The questions involved in the second and third assignments may properly be examined together, and the determination thereof requires a careful consideration of sections 13 and 16 of the ordinance of June 27, and the directory resolution, passed by the council and board of aldermen, and the law governing and pertaining to the powers that are vested in such a body as is constituted by the common council and board of aldermen of the city of Indianapolis.

The theory of appellee's defense, as set forth in the third paragraph of the answer, is that none of the own-

ers or occupants of real estate along the proposed line of extension, had, at the time of the passage of the resolution mentioned, agreed to become consumers of gas from the appellee's plant, and hence that the resolution was void.

In the fourth paragraph, the theory presented is, that the resolution in question is void because, as therein alleged, the petition was not that of all the "owners or occupants" along said line. It is contended, with much earnestness and ability by the learned counsel for appellee, that as the number of petitioners is not definite and fixed by the ordinance of June 27, *supra*, the correct interpretation to be placed upon section 13 thereof is, that by its terms it was meant and intended to require all of the "owners or occupants" of real estate along the proposed line to join in the petition to the council and board of aldermen; and that, in addition thereto, 10 per cent. of said petitioners must agree to become consumers of gas from the appellee; that unless there is absolute unanimity upon the part of these "owners or occupants" in joining in the petition for the extension, there would be no authority for the action of the municipal legislature in adopting the directory resolution in controversy.

The contention of appellant's learned counsel is that, at the farthest, not more than a majority of these "owners or occupants" would be required to join therein. Upon an examination of the section in question, it will be seen that there are three antecedent, or preceding, conditions that must exist before the municipal body can be warranted in passing the resolution therein mentioned, namely:

1st. A petition on the part of "owners or occupants."

2d. Ten per cent. of these must agree to become consumers of gas.

3d. That in the opinion of the council and board of

aldermen the contemplated extension is reasonable and ought to be made.

The first and second of these may exist, and the passage of the resolution will not become imperative upon the council and board, but is left to their option or discretion. It must be presumed that this gas ordinance was passed by appellant and likewise accepted by the appellee in the utmost good faith, and that each will act and deal fairly thereunder, and that appellant, in the exercise of the power vested in it by the ordinance, will not subject appellee to make unreasonable extensions of its mains, with no prospects of a fair remuneration from proposed consumers.

Conceding, however, without deciding, that the contentions of the appellee are correct, still the decision of the points or questions in controversy, as contended for by appellee, can not be determined by this court in this character of an action. The cardinal question which is presented by the record for adjudication, in our opinion, is: Can the appellee, in this collateral proceeding, controvert the decision of the council and board of aldermen relative to the existence of the antecedent facts in the passage of the resolution?

We think that this question, in view of the rule firmly established by a long line of decisions of this court, and authorities elsewhere, must be answered in the negative. The finding and determination of these essential and preceding facts or conditions were, by the ordinance, lodged in the tribunal constituted by the council and board of aldermen. Its decision thereof was the exercise of jurisdiction, on that particular point, which appellee, in this action, can not assail or controvert in the manner attempted. It is expressly declared, in the preamble of the resolution, that the first and second conditions are found to exist. This decision of the council and board,.

under the rule to which we have referred, must be held to be conclusive as against appellee's collateral attack, and can only be questioned and set aside in some direct proceeding for that purpose. *Evansville, etc., R. R. Co.* v. *City of Evansville,* 15 Ind. 395; *McEneney* v. *Town of Sullivan,* 125 Ind. 407, and cases there cited; *Town of Cicero* v. *Williamson,* 91 Ind. 541, and cases there cited; *Ricketts* v. *Spraker,* 77 Ind. 371; *Adams* v. *Harrington,* 114 Ind. 66; *DePuy* v. *City of Wabash,* 133 Ind. 336; *Ely* v. *Board, etc.,* 112 Ind. 361; *Strieb* v. *Cox,* 111 Ind. 299; *Cason* v. *Harrison,* 135 Ind. 330; *Otis* v. *DeBoer,* 116 Ind. 531; *Jackson* v. *Smith,* 120 Ind. 520; *Board, etc.,* v. *Aspinwall,* 21 How. 539; *Town of Coloma* v. *Eaves,* 92 U. S. 484; Freeman Judgments, section 523.

In 1 Smith's Leading Cases (8th Am. ed.), p. 1116, the law is stated as follows: "There is nothing absurd or illogical in holding that a body of limited power may determine whether the questions which are brought before it admit of the exercise of its powers. If limitation of power necessarily excluded the right of ultimate decision, nothing could be decided finally under governments, which, like this country, are throughout and without exception limited."

In view of the authorities above cited, we must hold, for the reasons stated, that the third and fourth paragraphs are not a defense to this action, and that the court erred in overruling the demurrer thereto.

Appellee has assigned cross-errors, and as the judgment must be reversed, we deem it proper to consider two of these alleged errors, to wit: "That the court erred in sustaining the demurrer to the second paragraph of the answer; that the court erred in sustaining the demurrer to the fifth paragraph of the answer." The second paragraph alleges that the resolution heretofore mentioned was passed without any notice or knowledge

that any part of the "owners or occupants" along the street in question had agreed, or offered to agree, to become consumers of gas. This paragraph also comes within the prohibition of the rule above stated, and consequently was bad, and the demurrer to it was properly sustained. Paragraph five sets up an array of facts which go to show that by reason thereof appellee was physically and financially unable to comply with the resolution, and extend its mains as required, although it was desirous of so doing, and would have obeyed the direction, had not the facts alleged therein rendered it impossible so to do, and that hence it did not willfully violate the ordinance.

Section sixteen as herein set out declares, "that any corporation *willfully* violating any provision of this ordinance directing anything to be done, etc., shall, on conviction, be fined, etc." It must be held, we think, that the word "willfully" was used in the ordinance with the understanding and acceptation of its legal definition, and that this municipal statute was intended to punish the corporation that could, but would not, comply with the direction contemplated. The word "willfully," when used or employed in a penal statute, in reference to a person who neglects or fails to discharge a duty or perform an act enjoined, implies that the party had the ability so to do. *State* v. *Preston,* 34 Wis. 675; Lawson Crim. Defenses, 107 and 108. *Commonwealth* v. *Kneeland,* 20 Pick. 206; *Felton* v. *United States,* 6 Otto 699; *Washburn* v. *Washburn,* 9 Cal. 475.

The word willfully is more frequently understood to approximate the idea of the milder kind of legal malice than as signifying an evil intent without justifiable excuse. 1 Bishop's Crim. Law, section 428; *Anderson* v. *How,* 116 N. Y. 336.

Therefore, applying this principle to the facts alleged

in the fifth paragraph, it must be held that if appellee, in good faith, omitted to extend its mains as directed, by reason of its physical and financial inability to do so, it did not willfully violate the penal provisions of the ordinance, and it ought to have been permitted to have shown these facts in its defense.

The judgment is reversed at the cost of appellee, with instructions to the trial court to sustain the demurrer to the third and fourth paragraphs of the answer, and to overrule it to the fifth, and to proceed in accordance with this opinion.

All concur.

