## BEALL, JR., *v.* UNION TRACTION COMPANY.

[No. 19,490.  Filed June 27, 1901.]

APPEAL AND ERROR.—*Bill of Exceptions.—Evidence.— Record.*— In order to make the bill of exceptions containing the evidence a part of the record under the act of 1897 (Acts 1897, p. 244), it must affirmatively appear that it was filed with the clerk after being settled and signed by the judge. *p. 210.*

SAME.—*Directing Verdict.—Evidence.— Record.*— The action of the court in directing a verdict for defendant will be presumed to be correct on appeal, in the absence of the evidence from the record. *pp. 210, 211.*

From Wayne Circuit Court; *H. C. Fox,* Judge.

Action by Curran Beall, Jr., against the Union Traction Company. From a judgment in favor of defendant, plaintiff appeals. *Affirmed.*

*E. F. Daily, J. W. Lovett,* and *F. E. Holloway,* for appellant.

*W. A. Kittinger* and *J. A. Van Osdol,* for appellee.

HADLEY, J.—Appellant sued appellee to recover damages for injuries alleged to have been received through the latter's negligence. Demand $15,000. The action was commenced in Madison county, but by regular changes of venue reached and was tried in the Wayne Circuit Court. The case went to the jury on the general issue, and at the close of the plaintiff's evidence, the court, on motion of the defendant, directed the jury to return a verdict for the defendant, which it accordingly did. This action of the court is the only error sought to be presented.

The evidence is not in the record. Appellant states in his brief that it is "under the act of March 3, 1899" (Acts 1899, p. 384). But §6 of this act, since the filing of appellant's brief, has been held invalid. *Adams* v. *State,* 156 Ind. 596.

The law of 1897 (Acts 1897, p. 244) must therefore be complied with in bringing exceptions into the record. It is disclosed that a longhand copy of the evidence was certified and filed by the reporter in the clerk's office June 23, 1900, and that the same was presented to the trial judge and signed by him June 29, 1900. The signing by the judge was within the time allowed for the filing of the bill, but it nowhere appears that it was filed *after* being settled and signed by the judge. The subsequent filing was absolutely essential to its becoming a part of the record, and the fact of filing must affirmatively appear. Acts 1897, *supra; Loy* v. *Loy,* 90 Ind. 404; *Shulse* v. *McWilliams,* 104 Ind. 512; *Jenkins* v. *Wilson,* 140 Ind. 544; *Hoover* v. *Weesner,* 147 Ind. 510.

We must presume in favor of the right action of the court, and the evidence not being before us, we may presume a total absence of evidence in support of the complaint.

Judgment affirmed.