## The Chicago and South Eastern Railway Company v. Woodard et al.

[No. 19,839.   Filed December 11, 1902.]

Appeal.—*Motion to Strike Out.*—*Review:*—A motion to strike out part of a complaint will not be reviewed on appeal, where it has not been made a part of the record by bill of exceptions or order of court.   *pp. 542, 543.*

Same.—*Motion to Strike Out.*—*Harmless Error.*—The ruling of a trial court denying a motion to strike out parts of a pleading, even if wrong, does not constitute reversible error.   *p. 543.*

Same.—*Joint Assignment of Error.*—A joint assignment that the court erred in overruling a demurrer to a complaint of several paragraphs is not available if any paragraph thereof is good.   *p. 543.*

Same.—*Bill of Exceptions.*—*Evidence not in Record.*—Where there was an attempt to incorporate the evidence in the record, under section six of the act of 1899 (Acts 1899, p. 384), which section pending the appeal, was held unconstitutional, and there had been no substantial compliance with the provisions of the previous act of 1897 (Acts 1897, p. 244), the evidence is not in the record.   *p. 544.*

Tender.—*Pending Suit to Foreclose Lien.*—*Attorney's Fees.*—*Interest.*— Where, on the day before the trial of a suit to foreclose a materialman's lien, the defendant tenders and pays into court the amount of the claim, including accrued costs, less attorney's fees and interest, such tender will not serve to exempt defendant from liability for attorney's fees and interest.   *pp. 544–549.*

From Hamilton Circuit Court; *J. F. Neal*, Judge.

Suit by John R. Woodard and others against the Chicago and South Eastern Railway Company. From a judgment for plaintiffs, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901.   *Affirmed.*

*W. R. Crawford, U. C. Stover* and *W. H. Najdowski*, for appellant.

*F. E. Gavin, T. P. Davis* and *J. L. Gavin,* for appellees.

Jordan, J.—Appellant is a railroad corporation owning and operating a railroad running through the counties of Clay, Boone, Parke, Montgomery, Hamilton, Madison, and

Delaware, its eastern terminus being at the city of Muncie, in the latter county. Appellees are engaged in doing business as partners, and have instituted this action to recover a personal judgment for certain lumber, timber, and material furnished by them to appellant aggregating $5,515.11, which it is claimed were used by it in the construction and repair of its railroad. The further relief sought is to foreclose a mechanic's lien against the road on account of the furnishing of the material in question. The trial court made a special finding of facts, and stated its conclusions of law thereon to the effect that appellees, plaintiffs below, were entitled to recover a personal judgment for a balance of their claim to the amount of $705.28, including attorney's fees and interest, and to a foreclosure of their said lien; and, over appellant's exceptions to the conclusions, judgment was rendered for that sum, and a foreclosure of the lien decreed.

The errors assigned are that the court erred as follows: (1) In overruling appellant's motion to strike out parts of the complaint; (2) in overruling the demurrer to the complaint; (3) in its conclusion of law; and (4) in denying a motion for a new trial.

The complaint consists of twelve paragraphs, each of which, except the eleventh, seeks to recover a personal judgment, together with a decree foreclosing the mechanic's lien. The eleventh paragraph alleges that under a contract material had been sold and delivered to appellant which amounted to $5,223.46, as shown by a bill of particulars filed therewith. A personal judgment is demanded, but no foreclosure of the lien. This paragraph also alleges the insolvency of the appellant, and as a further relief there is a prayer for the appointment of a receiver. Appellant unsuccessfully moved to strike out parts of the complaint, and then demurred separately and severally to each paragraph of the pleading on the ground that the court had no jurisdiction either over the person of the defendant or of the

subject-matter of the action, and for insufficiency of facts as stated in each paragraph, and especially for the reason that neither stated facts sufficient to authorize a foreclosure of the lien in controversy. This demurrer was overruled, and exception reserved.

No question can be said to be presented for review in this appeal under the first assignment of error, because the motion and the ruling of the court thereon have not been made a part of the record by bill of exceptions or order of court. *City of Indianapolis* v. *Consumers Gas Trust Co.,* 140 Ind. 246; *Dudley* v. *Pigg,* 149 Ind. 363.

Again, if the motion and ruling of the court thereon were in the record, the alleged error would not be available, for it is settled that the ruling of a trial court in denying a motion to strike out parts of a pleading, even if wrong, does not constitute reversible error on appeal. *Walker* v. *Larkin,* 127 Ind. 100, and cases cited.

The second assignment is a general one,—that the court erred in overruling the demurrer to the complaint. The demurrer in question was addressed separately and severally to each of the twelve paragraphs of the complaint; hence, under this general assignment, appellant is not entitled to have this court review the sufficiency of · each paragraph separately from the others, but thereunder we are only required to consider jointly all the paragraphs of the pleading as a whole; consequently, unless it appears that all are bad, appellant necessarily must fail under its second assignment. *Moore* v. *Morris,* 142 Ind. 354, and cases cited; Ewbank's Manual, §135.

It is not claimed that the eleventh paragraph, which only seeks a personal judgment and the appointment of a receiver, is bad. Therefore, as nothing is urged to the contrary, its sufficiency may be accepted as conceded by appellant. Upon another view appellant must fail under this assignment, for the reason that the several paragraphs may be said to be sufficient at least to entitle the plaintiff to re-

cover a personal judgment, without regard to the question of their right to foreclose their alleged mechanic's lien, upon which ground counsel for appellant assail them in this appeal. Upon this latter view the error assigned would not be available. *Linder* v. *Smith,* 131 Ind. 147.

The questions involved under the motion for a new trial depend upon the evidence. An effort has been made, it seems, to bring the evidence into the record in accordance with the method prescribed by section six of the act of 1899. Acts 1899, p. 384. This section, however, was held invalid in *Adams* v. *State,* 156 Ind. 596, and as there has been no substantial compliance with the provisions of the act of 1897 (Acts 1897, p. 244), it follows that the evidence is not before us for consideration. *Klein* v. *State,* 157 Ind. 146; *Beall* v. *Union Traction Co.,* 157 Ind. 209; *City of Indianapolis* v. *Tansel,* 157 Ind. 463. In the absence of the evidence, we can not review any of the questions sought to be presented under the assignment that the court erred in overruling the motion for a new trial.

This action, as it appears, was commenced on June 27, 1899, and the special finding of facts, after stating that appellant is a railroad corporation owning and operating a railroad which extends from the city of Brazil, in Clay county, Indiana, into and through the counties of Parke, Hamilton, Boone, Madison, and Delaware of said State, to a distance of ninety miles, then proceeds to set forth other material facts substantially as follows: About the year 1893 appellant and appellees, the latter being partners, entered into a contract with each other, whereby the latter agreed to furnish to the former lumber and timber for use on its railroad in constructing station-houses, bridges, and other structures connected with its said road. Under this contract all material furnished and delivered to appellant by appellees prior to the last day of any month was to be paid for by appellant on or before the middle of the succeeding month. Under this contract appellees, during a

period of time which embraces several years, delivered to appellant for use, and which was used, on its railroad bed and in the construction of bridges, stations, trestlework, and other structures on and along its right of way, all of which formed a part of said railroad, and was connected therewith, a large amount of timber and lumber amounting to the sum of $5,460.03. On November 4, 1898,—within sixty days from the date on which the last of said material was furnished by appellees to appellant,—the former filed in the recorder's office of each of the following counties, to wit, Hamilton, Madison, and Boone, a notice of their intention to hold a lien for the said material on appellant's right of way, bridges, trestlework, fences, and other structures connected with its railway, to secure a balance then due and unpaid to them on account of the lumber and material so furnished to appellant; the said balance amounting to $3,344. This lien notice was, on the day on which it was filed, duly recorded in the recorder's office of each of the aforesaid counties. After November, 1898, appellees still continued to furnish and deliver material to appellant, which was used upon its railroad as aforesaid, and within sixty days after furnishing the last of said material appellees filed in the recorder's office of each of the following counties in the State of Indiana, to wit, Hamilton, Boone, and Madison, a notice of their intention to hold a lien on appellant's right of way, its bridges, and other structures connected with its railroad. The court further finds what is stated to be a correct statement showing the amount of material furnished by appellees to appellant between September, 1897, and April, 1899, which itemized amounts make up a total of $5,460.03, the amount of money for material furnished, all of which was used by appellant on its road as previously stated, and which, as the court finds, is the same material mentioned and referred to in the written notice to hold a lien as hereinbefore stated.

It further appears that each of the foregoing itemized amounts for material furnished became due and payable on and before the 25th day of the month next following the delivery of said material. It is also disclosed that partial payments have been made by appellant, which in the total amount to $5,011.89. Itemized statements of the amount due were made out and presented by appellees for payment during a period extending from September, 1897, to April, 1899. The court finds that the payment of appellees' claim on the part of appellant was unnecessarily delayed; that under the contract and by reason of said delay appellees became entitled to interest on their said claim in the sum of $210. By reason of appellant's failure to pay the indebtedness in question it became necessary for appellees to employ attorneys to enforce the collection thereof and the foreclosure of their lien, and it is found that a reasonable attorney's fee for services rendered for appellees in this action, by the attorneys which they had employed, is $250. It is further disclosed or found that the remainder of the principal of the claim or indebtedness due and owing to appellees from appellant, after deducting all payments made thereon by appellant since the commencement of this action, is $255.28, and that there is interest due on the principal amount of the claim in the sum of $210. After the commencement of this action on the day before the beginning of the trial thereof, appellant tendered to appellees the said balance of $255.28, together with the accrued costs to that date, in full payment and satisfaction of all matters and claims involved in this suit. This amount appellees refused to accept unless appellant, in addition thereto, would pay a reasonable attorney's fee for services rendered by appellees' attorneys in this action to enforce the collection of their debt and the foreclosure of their lien for the material furnished as aforesaid. Appellant refused to pay any attorney's fees, and thereupon paid the amount of its said

tender before the beginning of the trial, together with costs of suit to that date, to the clerk of the lower court.

The court finds that after appellees' aforesaid claims had been placed in the hands of their attorneys for collection, the first payment of $1,000 was made by appellant thereon, and after this action had been commenced, and notice given that an application would be made for the appointment of a receiver, on the —— of July, 1899, appellant paid to appellees' attorneys, on said claim, and in consideration that the application for a receiver would be postponed, the further sum of $1,200. Appellant at the time of said claim had full knowledge that $1,000 of the amount so paid was to be paid over to appellees on their claim, and that $200 thereof was to be retained by the attorneys as part of their attorney's fees in the action, for which fees said attorneys at the time claimed that appellant was liable. After this cause had been set for trial on the application for the appointment of a receiver, the hearing thereof was again continued upon the payment of the last mentioned $1,000. It further appears from the finding that there is now due and unpaid to appellees, including the amount of attorney's fees and the interest as hereinbefore stated, the sum total of $705.28. The court further states in its finding that no part of the $1,200 payment has been applied on attorney's fees, but all of said payment has been applied on the principal part of the indebtedness, and that from said amount of $705.28, which amount appellees were entitled to recover, the $255.28 paid by appellant to the clerk of the court had not been deducted.

Conclusions of law, as previously shown, are stated in favor of appellees that they are entitled to recover said sum of $705.28, and to a decree foreclosing their said material lien.

That appellees were entitled to recover from the foregoing facts certainly can not be seriously controverted. The court, as disclosed, finds that the total amount due and un-

paid is $705.28. This latter amount is made up by combining the balance of the principal sum due and unpaid with the amounts allowed for attorney's fees and interest, and judgment was rendered in favor of appellees for that amount, together with the foreclosure of the material lien. The contention of appellant's counsel seemingly is that appellees were neither entitled to recover attorney's fees nor interest, for the reason that after the commencement of the action, on the day preceding the beginning of the trial of the cause, $255.28 was tendered in full payment and satisfaction of all the matters and items involved in the suit. The amount tendered neither included any attorney's fees nor interest, which the court finds appellees were entitled to be allowed. If the $210, the amount which had accrued as interest, and the $250 awarded as a reasonable attorney's fee be added to the $255.28, the balance due on the principal, the total amount will be $715.28,—$10 in excess of the amount of the judgment rendered in favor of appellees. Surely, under the facts as found by the court, the tender made by appellant was not available to cut off the right of appellees to recover a reasonable attorney's fee, as authorized by §7267 Burns 1901. Upon no view of the case, under the circumstances, could the tender in question serve to exempt appellant from all liability in the action on account of interest and attorney's fees. It is shown that under the contract the money for the material furnished was to become due and payable on the middle of each succeeding month after the material was furnished to appellant. An itemized amount or bill for the material furnished and delivered to appellant was from time to time made out by appellees, and presented to appellant for payment; but, as the court finds, payment thereof was unnecessarily or unreasonably delayed. Under such circumstances appellees were entitled to be allowed and receive the legal rate of interest, as provided under §7045 Burns 1901. As a general rule, interest, in the absence of any agreement to the contrary, accrues on the

principal from the time the latter is due and payable. *Marsteller* v. *Crapp*, 62 Ind. 359; *Adams* v. *Fort Plain Bank*, 36 N. Y. 255, 261; Sedgwick, Damages (6th ed.), 463, 464.

If under the facts found appellees were not entitled to all of the relief awarded by the judgment below, as appellant insists, a motion by it to modify the judgment ought to have been made.

We find no available error, and the judgment is therefore affirmed.